1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: **21CR2542-TWR** |
|---|---|
| v. | I N F O R M A T I O N |
| GLENN ARCARO, | Title 18, U.S.C., Sec. 1349 – Conspiracy to Commit Wire Fraud; Title 18, U.S.C., Sec. 982(a)(2)(A), and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |
| Defendant. | |

17  The United States charges that:

18  **COUNT 1**

19  [Conspiracy to Commit Wire Fraud – 18 U.S.C. § 1349]

20  1.  Beginning at least as early as in or around 2017, and continuing through at
21  least in or around 2018, in the Southern District of California and elsewhere, defendant
22  GLENN ARCARO and others knowingly and intentionally combined, conspired, and
23  agreed to commit wire fraud, in violation of Title 18, United States Code, Section 1343,
24  that is, to execute and attempt to execute a scheme and artifice to defraud investors and
25  potential investors in BitConnect, a cryptocurrency investment platform, and to obtain
26  money and property by means of materially false and fraudulent pretenses, representations,
27  and promises, and to cause the interstate transmission of wire communications for the
28  purpose of executing that scheme.

*Object of the Conspiracy*

2.     It was the purpose of the conspiracy for ARCARO and his co-conspirators to unlawfully enrich themselves by inducing investors to invest in BitConnect through materially false and fraudulent pretenses, representations, and promises.

*Manner and Means of the Conspiracy*

3.     It was a part of the conspiracy that:

   a.     ARCARO and his co-conspirators, through the use of interstate wire communications, discussed the scheme to defraud over internet chats and text messages, posted videos to social media platforms to encourage investment in BitConnect, and used the BitConnect website to promote the scheme.

   b.     ARCARO and his co-conspirators made and caused others to make materially false and fraudulent pretenses, representations, and promises to, and concealed and caused others to conceal material facts from, investors and potential investors regarding BitConnect's Lending Program and purported Trading Bot and Volatility Software.

   c.     ARCARO and his co-conspirators made and caused others to make materially false and fraudulent pretenses, representations, and promises to, and concealed and caused others to conceal material facts from, investors and potential investors regarding the profits they could make from investments in BitConnect's Lending Program.

   d.     ARCARO and his co-conspirators made and caused others to make materially false and fraudulent pretenses, representations, and promises to, and concealed and caused others to conceal material facts from, investors and potential investors regarding BitConnect's Development Fund.

   e.     In total, ARCARO and his co-conspirators fraudulently induced investors to invest over $2 billion in BitConnect and to deposit those funds in the BitConnect cluster of cryptocurrency wallets.  ARCARO's co-conspirators, acting through BitConnect, then laundered the investors' funds by paying earlier investors

with money from newer investors in order to promote the fraudulent scheme and by disguising the source, origin, control, and location of the investors' funds in order to conceal the scheme.

  f. BitConnect evaded and circumvented the Department of the Treasury's money transmitting business regulations as to the operation of the BitConnect Exchange, as well as the Security and Exchange Commission's regulations governing the offer and sale of securities in the form of investments in the Lending Program.

  4. ARCARO reported no less than $24,098,333 in income on his 2017 U.S. individual income tax return from his role as a top promoter for BitConnect.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION

  5. The allegations set forth in Count 1 are realleged herein for purposes of seeking forfeiture to the United States of America pursuant to Title 18, United States Code, Sections 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

  6. Upon conviction of the offense alleged in Count 1 of this Information, defendant GLENN ARCARO shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c), any property, real or personal, involved in such offenses, or any property traceable to such property, including but not limited to $24,098,333.

  7. In the event that any of the property described above, as a result of any act or omission of defendant:

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to, or deposited with, a third party;
  c. has been placed beyond the jurisdiction of the court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeit substitute property up to the value of the afore-described properties pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

DATED: September 1, 2021

JOSEPH S. BEEMSTERBOER
Acting Chief
U.S. Department of Justice
Fraud Section

s/ *Kevin Lowell*
KEVIN LOWELL
Trial Attorney

RANDY S. GROSSMAN
Acting United States Attorney

s/ *Daniel C. Silva*
DANIEL C. SILVA
MARK W. PLETCHER
LISA J. SANNITI
CARL F. BROOKER