RANDY S. GROSSMAN
United States Attorney
DANIEL C. SILVA (Cal. Bar No. 264632)
MARK W. PLETCHER (Colorado Bar No. 034615)
LISA J. SANNITI (Ohio Bar No. 86670)
CARL F. BROOKER, IV (Wash. D.C. Bar No. 1022908)
Assistant United States Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9713
Email: Daniel.C.Silva@usdoj.gov

JOSEPH S. BEEMSTERBOER
Acting Chief
KEVIN LOWELL (Maryland Bar)
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, D.C. 20530
Telephone: (202) 262-7795
Email: Kevin.Lowell@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.  21-CR-2542-TWR |
|---|---|
| v. | JOINT MOTION FOR AN AMENDED ORDER FOR INTERLOCUTORY SALE OF CYRPTOCURRENCY |
| GLENN ARCARO, | |
| Defendant. | |

The United States of America by and through its attorneys, and Mary Carter Andrues, attorney of record for Defendant, Glenn Arcaro, hereby jointly move pursuant to Federal Rule of Criminal Procedure 32.2(b)(7) and Federal Rule of Civil Procedure Supplemental Rule G(7) to amend the Court's order authorizing the immediate interlocutory sale of the cryptocurrency proceeds of criminal activity subject to criminal forfeiture in this case, and an amendment to the Court's previous order on the interlocutory sale of cryptocurrency in this matter.

**A. Summary of Original Joint Motion**

On or about November 12, 2021, the Parties filed a Joint Motion for Interlocutory

Sale of Cryptocurrency (Doc. No. 19, the "Original Joint Motion"). The cryptocurrencies at issue in the Original Joint Motion were held in approximately 20 separate cold storage devices or cryptocurrency online platforms controlled by Defendant (the "Original Subject Assets"); all of which were transferred into the possession and control of the United States. On November 12, 2021, this Court, entered an order authorizing the United States to sell the cryptocurrency identified in the Original Joint Motion (Doc. No. 20, the "Original Order"). As of the filing of this amended joint motion, none of the Original Subject Assets have been liquidated.

**B. Identification of Additional Cryptocurrency Subject to Forfeiture**

The delay in the liquidation of the Original Subject Assets is a result of Defendant locating three additional cold storage digital wallets containing cryptocurrency. The Parties worked for an extended period of time coordinating the complex, technological prerequisites to transferring this later-discovered cryptocurrency. Defendant and law enforcement ultimately completed the transfer of this later-discovered cryptocurrency on or about January 14, 2022, from Defendant and into the possession and control of the United States (the "Second Subject Assets"). The Second Subject Assets include the following cryptocurrency:

| Cryptocurrency (Symbol) | Amount Cryptocurrency Coin/Tokens Transferred |
|---|---|
| Bitcoin Cash (BCH)[1] | 403.64362305 |
| Bitcoin Silver (BSV) | 134.9989791 |

Based on the evidence collected in this case, Defendant's admissions in his plea agreement and the addenda thereto (Doc No. 6), and the stipulation below, the Parties jointly submit that, as with the Original Subject Assets, the Second Subject Assets are similarly property constituting, or derived from, proceeds Defendant obtained directly or

---

[1] Defendant has made available for transfer, and special agents have attempted to transfer, an additional 24.17256199 of Bitcoin Cash (BCH) from an additional Defendant cold storage wallet. However, due to technical difficulties it is unknown if this amount is transferable to government-controlled wallets.

indirectly, as the result of his violation of Title 18, United States Code, Section 1349. The Parties stipulate below to the entry of an order authorizing the interlocutory sale of the Original and Second Subject Assets, whereupon net proceeds of the sale shall become substitute assets (the "Substitute Assets"), taking the place of the Original and Second Subject Assets, for all purposes, including restitution and forfeiture proceedings.

### C. Basis for Amending the Original Order

Some of the Original Subject Assets, which were ordered to be sold by the Court in the Original Order, possess anonymity-enhanced characteristics, known generally as "privacy coins" or "alt coins". Dash Coin (sym: DASH) and Monero Coin (sym: XMR) are two such cryptocurrencies. Department of Justice policy currently prohibits the sale of privacy coins like Dash Coin and Monero Coin. As reflected in the Original Order, Defendant surrendered, and the Court ordered the sale of, approximately 183.96801549 in Dash Coin and 814.313803532040 in Monero Coin (collectively, the "Alternative Coins") to the United States pursuant to his plea agreement and the addenda thereto.

In order to perfect the record, the Parties now move to amend the Original Order in order to: (i) clarify the record and include the Second Subject Assets into the assets subject to interlocutory sale; (ii) establish that the United States will not liquidate the Alternative Coins, which will remain in a government-controlled cold storage wallet until further order of the Court; and (iii) direct the United States Marshalls Service to conduct the interlocutory sale of the Subject Assets (that is, the Original and Second Subject Assets less the Alternative Coins) and for the United States Marshalls Service to maintain custody of the proceeds of the sale until further order of the Court.

### D. Stipulation and Amended Motion

The Parties hereby stipulate and agree as follows:

1. Defendant represents that he is the sole owner of the Original and Second Subject Assets and Alternative Coins, has exercised sole dominion and control over them since coming into possession of them.

2. Defendant represents that the Original and Second Subject Assets and

Alternative Coins are property constituting, or derived from, proceeds Defendant obtained directly or indirectly, as the result of his violation of Title 18, United States Code, Section 1349 through his participation in the BitConnect fraud.

3. Upon entry of the order on this amended joint motion, the United States will maintain the Alternative Coins in a government-controlled cold storage wallet and will not take any steps to liquidate the Alternative Coins absent further leave of this Court.

4. Upon entry of the proposed order on this amended joint motion, the United States shall have the authority, in its sole discretion, to liquidate any portion or all of the Original and Second Subject Assets for U.S. dollars. The United States represents that it will endeavor in good faith to obtain a reasonable exchange rate and incur reasonable sale and transaction fees in the course of liquidating the Original and Second Subject Assets.

5. Defendant waives any objection to the exchange rate obtained and fees incurred as to each and every sale of the Original and Second Subject Assets, and the manner and timing of each such liquidation; however, nothing in this joint amended motion shall prevent Defendant from receiving the benefit of the value transferred upon the date of transfer and/or the date of the sale (whichever is greater).

6. The United States shall maintain records of each sale reflecting the value of the Original and Second Subject Assets liquidated at the time of the transaction, the exchange rate, any fees or costs incurred (described more specifically below), and the net proceeds of liquidation. The United States shall provide this information to counsel for Defendant within ten days of liquidation.

7. The net proceeds from liquidation of the Original and Second Subject Assets shall be determined by calculating the gross proceeds less actual costs of sale, sales commissions, and other actual costs and expenses incurred by the United States in liquidating the Original and Second Subject Assets.

8. The net proceeds of the liquidation shall be held in the custody of the United States Marshals Service as Substitute Assets, taking the place of the Original and Second Subject Assets, for all purposes, including restitution and forfeiture proceedings. Any and all claims and defenses of the United States, Defendant, and any other potential claimant(s) to the Original and Second Subject Assets shall apply equally to the Substitute Assets.

9. Defendant represents that he has the authority to enter into this Stipulation regarding the Original and Second Subject Assets and Alternative Coins.

10. This Stipulation constitutes the entire agreement between the Parties on the matters contained herein, and no other statement, promise or agreement, either written or oral, made by either Party or agent of either Party shall be considered part of the agreement. All terms and conditions of the Original Order shall remain valid and in effect, unless expressly amended by the order on this amended joint motion.

DATED: February 2, 2022

RANDY S. GROSSMAN
United States Attorney

/s/ *Carl Brooker*
Daniel C. Silva
Mark W. Pletcher
Lisa J. Sanniti
Carl F. Brooker, IV
Assistant U.S. Attorneys

JOSEPH S. BEEMSTERBOER
Acting Chief

/s/ *Kevin Lowell*
Kevin Lowell
Trial Attorney

/s/ *Mary Carter Andrues*
(with authorization)
Mary Carter Andrues
Attorney for Defendant Glenn Arcaro

<u>Signature Authorization</u>

I certify the above-listed Defendant's attorney is aware of the contents of the motion and has authorized me to sign on her behalf.

DATED: February 2, 2022                    */s/ Carl Brooker*
                                           CARL BROOKER, IV
                                           Assistant U.S. Attorney