LORINDA I. LARYE
Acting Chief
KEVIN LOWELL (Maryland Bar)
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, D.C. 20530
Telephone: (202)262-7795
Email: Kevin.Lowell@usdoj.gov

RANDY S. GROSSMAN
United States Attorney
MARK W. PLETCHER (Colorado Bar No. 034615)
LISA J. SANNITI (Ohio Bar No. 86670)
CARL F. BROOKER, IV (Wash. D.C. Bar No. 1022908)
Assistant United States Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8811
Email: Lisa.J.Sanniti@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GLENN ARCARO,<br><br>Defendant. | Case No. 21-CR-2542-TWR<br><br>**JOINT MOTION TO CONTINUE RESTITUTION AND FORFEITURE** |

The United States of America by and through its attorneys, and Mary Carter Andrues, attorney of record for Defendant, Glenn Arcaro, hereby jointly move for this Court to enter an order continuing restitution and forfeiture for approximately ninety days. This motion is made on the following grounds:

1. A sentencing hearing is currently calendared for September 16, 2022, and the parties are prepared to proceed on sentencing.

2. On October 12, 2021, the United Stated filed an unopposed motion for alternative victim notification due to the "extraordinary number of victims in this case, and the corollary burden of contacting (or even identifying) all of them". Doc. No. 15. This Court granted the motion on the same day. Doc. No. 18. Since entry of this order, the United States has been exhaustively attempting to locate and contact all potential victims of the BitConnect scheme. This required the FBI to post a victim seeking questionnaire on their website. From that initial potential victim intake, the FBI began vetting the victims' claims. Simultaneously, the U.S. Attorney's Office Victim Witness Coordinator contacted the potential victims to have them begin filling out Victim Impact Statements ("VIS"). In addition, many of the victims were in foreign countries requiring either concurrence from the Office of International Affairs that the foreign victims could be contacted directly by the FBI, or more ponderously, contact could only be made after sending a Mutual Legal Assistance Treaty ("MLAT") request. From late Fall 2021 to the present, the United States has been working through these multiple avenues of approach in assembling facts and resources required to perform a restitution analysis.

3. Specifically in this case, and as of the date of filing this motion, 4,154 victims have been loaded into the VIS system. Seven MLATs have been sent to foreign countries and five are still awaiting a response. The FBI estimates it is 100% complete on vetting the victim claimants from the United States and 90% complete on vetting claimants from outside the United States. The FBI's vetting process included following up with most of the claimants for additional evidence verifiable on the blockchain to support their claims. Of the 4,154 claims, FBI has received sufficient supporting documentation to ascertain a loss for approximately 450 victims. As of August 26, 2022, the U.S. Attorney's Office Victim Witness Coordinator was still receiving new Victim Impact Statements. It is unlikely this process will be complete before the September sentencing.

4. Regarding forfeiture, in late 2021, Defendant voluntarily provided the United States with approximately $56 million of cryptocurrency. This Court permitted the United States to liquidate this cryptocurrency to make victims of the BitConnect scheme whole. Doc Nos.

20, 26. Based on amount of vetted victim claims by the FBI, the United States estimates there will be a significant amount of money left over for forfeiture. However, since any restitution will be paid first, the amount of forfeiture cannot be set until the victim claims for restitution are determined with certainty. Therefore, if restitution is extended by 90 days, the forfeiture should extend by the same timeline.

5. Per 18 U.S.C. § 3664(d)(5), "the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government . . . shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." *See also, Dolan v. United States*, 560 U.S. 605 (2010) ("We hold that a sentencing court that misses the 90–day deadline nonetheless retains the power to order restitution—at least where, as here, the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount.").

6. Here, the parties anticipate the entirety of the restitution and forfeiture process will be by paper motion but do not wish to foreclose the possibility of a formal restitution hearing should the need so arise.

Based on the foregoing, the parties jointly move to continue restitution and forfeiture in this matter from September 16, 2022, to a date convenient to the Court approximately ninety days from the current hearing date.

//
//
//
//
//
//
//
//
//

| | | |
|---|---|---|
| DATED: September 1, 2022 | | RANDY S. GROSSMAN<br>United States Attorney |

/s/ *Carl Brooker*
Mark W. Pletcher
Lisa J. Sanniti
Carl F. Brooker, IV
Assistant U.S. Attorneys

LORINDA I. LARYE
Acting Chief

/s/ *Kevin Lowell*
Kevin Lowell
Trial Attorney

/s/ *Mary Carter Andrues*
(with authorization)
Mary Carter Andrues
Attorney for Defendant Glenn Arcaro

<u>Signature Authorization</u>

I certify the above-listed Defendant's attorney is aware of the contents of the motion and has authorized me to sign on her behalf.

DATED: September 1, 2022 	/s/ Carl Brooker
	CARL BROOKER, IV
	Assistant U.S. Attorney