FILED

JAN 1 9 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| GLENN ARCARO (1) | |
| | Case Number:   3:21-CR-02542-TWR |
| | Mary D Andrues |
| | Defendant's Attorney |

**USM Number**   62875-509

☒ Modification of Restitution Order (18 U.S.C § 3664)  and Forfeiture

THE DEFENDANT:

☒ pleaded guilty to count(s)   1 of the Information

☐ was found guilty on count(s) _____

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:1349; 18:982(a)(2)(A), 21: 2461(c) - Conspiracy To Commit Wire Fraud; Criminal Forfeiture | 1 |

The defendant is sentenced as provided in pages 2 through   **5**   of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is   dismissed on the motion of the United States.

☒ Assessment:  $100.00 imposed
–

☐ JVTA Assessment*: $
–

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine        ☒ Forfeiture pursuant to order filed   1/9/2023   , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

September 16, 2022
Date of Imposition of Sentence

*Todd Robinson*

HON. TODD W. ROBINSON
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | GLENN ARCARO (1) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 3:21-CR-02542-TWR | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
38 months

☐   Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒   The court makes the following recommendations to the Bureau of Prisons:
    1. Residential Drug Abuse Program (RDAP)
    2. Designation to FCI Sheridan if bed space is available, and to a facility to participate in RDAP.

☐   The defendant is remanded to the custody of the United States Marshal.

☒   The defendant must surrender to the United States Marshal for this district:

    ☒   at _____1:30_____ P.M.   on _1/12/2023_____

    ☐   as notified by the United States Marshal.

☐   The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   on or before

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____   to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | GLENN ARCARO (1) | Judgment - Page 3 of 5 |
| CASE NUMBER: | 3:21-CR-02542-TWR | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
3 years

## MANDATORY CONDITIONS

1.  The defendant must not commit another federal, state or local crime.
2.  The defendant must not unlawfully possess a controlled substance.
3.  The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)

4.  ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5.  ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6.  ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7.  ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

3:21-CR-02542-TWR

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | GLENN ARCARO (1) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 3:21-CR-02542-TWR | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed   because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation   officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1.  The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2.  After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3.  The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4.  The defendant must answer truthfully the questions asked by their probation officer.

5.  The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7.  The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.  If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | GLENN ARCARO (1) | Judgment - Page **5** of **5** |
|---|---|---|
| CASE NUMBER: | 3:21-CR-02542-TWR | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

2. Submit your person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

3. Provide complete disclosure of personal and business financial records to the probation officer as requested.

4. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation.

5. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

6. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

7. Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.

8. Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

//

**FILED**

JAN 1 7 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GLENN ARCARO<br><br>Defendant. | Case No.: 21CR2542-TWR<br><br>ORDER OF RESTITUTION |

IT IS HEREBY ORDERED:

1. Pursuant to 18 U.S.C. § 3663A(a)(1), Defendant GLENN ARCARO ("Defendant") shall pay restitution in the amount of $17,647,801 as a result of Defendant's conviction for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.

2. Restitution shall be paid to the following victims in the specified amounts, pro rata, as listed in Attachment A (sealed).

3. Defendant previously transferred cryptocurrency to the United States to be paid for restitution to the victims listed in Attachment A (sealed), and also, where applicable, included for forfeiture proceedings. The cryptocurrency was thereafter liquidated pursuant to Court order netting $38,898,165.78.

4. $17,647,801 of the $38,898,165.78 shall be transferred by the United States Postal Service/United States Seized Asset Deposit Fund to the Clerk, United States District

Court. The Clerk is thereafter directed to immediately disburse to the victims listed in Attachment A, pro rata, and credit the restitution judgment appropriately.

5. Defendant has paid all restitution in full to which the parties agreed in the Plea Agreement, namely $24,098,333.

6. After considering the factors set forth in 18 U.S.C. § 3664(f)(2), the Court finds that the Defendant has the ability to pay the restitution as set forth in the following payment schedule:

a. The amount of $17,647,801, which Defendant previously transferred to the United States, shall be paid, pro rata, by the Clerk, United States District Court to the victims listed in Attachment A (sealed) upon receipt by the Clerk of Court.

7. If there is any remining restitution above and beyond the total amount transferred to, and liquidated by, the United States, namely $38,898,165.78, this payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).

8. If there is any remainder of restitution owed by Defendant after payment by the Clerk, United States District Court then Defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

9. The Court has determined that Defendant has the ability to pay interest. Thus, Defendant shall pay interest pursuant to 18 U.S.C. § 3612(f)(1).

10. Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution no later than thirty days after the change occurs. *See* 18 U.S.C. § 3664(k).

11.   Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in mailing or residence address, no later than thirty days after the change occurs. *See* 18 U.S.C. § 3612(b)(1)(F).

IT IS SO ORDERED.

DATED: 1/17/23

_____
HON. TODD W. ROBINSON
United States District Judge

1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9        SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,          Case No. 21cr2542-TWR
11              Plaintiff,
                                       PRELIMINARY ORDER OF
12      v.                             CRIMINAL FORFEITURE
13  GLENN ARCARO,
14              Defendant.
15

16        WHEREAS, in the Information the United States sought forfeiture of all right,
17  title, and interest in property of Defendant GLENN ARCARO, ("Defendant"),
18  pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28,
19  United States Code, Section 2461(c) as property constituting, or derived from,
20  proceeds Defendant obtained directly or indirectly as the result of the violation of
21  Title 18, United States Code, Section 1349, including but not limited to $24,098,333,
22  as set forth in Count 1.

23        WHEREAS, on or about September 1, 2021, Defendant pled guilty before
24  United States Magistrate Judge Mitchell D. Dembin to Count 1 of the Information,
25  which plea included consent to the forfeiture allegations of the Information, and
26  consent to forfeiture of all property seized in connection with the case, including but
27  not limited to the entry of a forfeiture money judgment in the amount of at least
28  $24,098,333. Defendant agreed that the forfeiture money judgment of at least

1  $24,098,333 represents the proceeds Defendant personally received from the offense
2  set forth in Count 1, which forfeiture shall be included and incorporated as part of the
3  judgment in this case; and

4  WHEREAS, on September 17, 2021, this Court accepted the guilty plea of
5  Defendant; and

6  WHEREAS, by virtue of the admissions of the Defendant as set out in the plea
7  agreement and guilty plea, the Court hereby finds that the forfeiture money judgment
8  of $24,098,333 represents the property constituting, and derived from proceeds
9  Defendant obtained directly and indirectly as the result of the violation of Title 18,
10 United States Code, Section 1349, as set forth in Count 1 of the Information; and

11 WHEREAS, Defendant has agreed that the provisions for the substitution of
12 assets exist as provided in Title 18, United States Code, Section 982(b), which
13 incorporates Title 21, United States Code, Section 853(p), and agreed the United
14 States may take actions to collect the forfeiture money judgment amount of
15 $24,098,333; and

16 WHEREAS, between October 26, 2021 and January 14, 2022, Defendant
17 transferred approximately $56 million in cryptocurrency to the United States to be
18 applied to his future restitution and forfeiture proceedings and judgments; and

19 WHEREAS, on November 12, 2021 and February 2, 2022, this Court entered
20 Orders authorizing the interlocutory sale of cryptocurrency, the net proceeds of which
21 were held by the United States Postal Service/United States Seized Asset Deposit
22 Fund as substitute assets, for all purposes, including future restitution and forfeiture
23 proceedings and judgments; and

24 WHEREAS, the net proceeds received from the interlocutory sale of the
25 cryptocurrency totaled $38,898,165.78; and

26 WHEREAS, in the interests of justice the United States does not seek
27 forfeiture of the $17,647,801 of the $38,898,165.78 because it seeks, by separate
28 order, to have the Court direct those funds to be applied directly to the victims

1   included in Defendant's restitution order and judgment; and

2       WHEREAS, the United States requests that the Court order the funds

3   designated for restitution in the amount of $17,647,801 of the $38,898,165.78 be

4   ordered transferred from the United States Postal Service/United States Seized Asset

5   Deposit Fund to the Clerk, United States District Court for application to the

6   restitution; and

7       WHEREAS, the United States seeks forfeiture of the remaining

8   $21,250,364.78 of the $38,898,165.78 for Defendant's forfeiture money judgment;

9   and

10      WHEREAS, Defendant stipulated in the Joint Motion for Interlocutory Sale of

11  Cryptocurrency that the funds comprising the $21,250,364.78 of the $38,898,165.78

12  represents forfeitable property constituting and derived from proceeds Defendant

13  obtained directly and indirectly, as the result of his violation of Title 18, United

14  States Code, Section 1349; and

15      WHEREAS, by virtue of the facts set forth in the plea agreement and financial

16  addendum, and the stipulation in the Joint Motion for Interlocutory Sale of

17  Cryptocurrency, the United States has established the requisite nexus between the

18  offense and the forfeiture money judgment of $24,098,333, and the $21,250,364.78

19  of the $38,898,165.78 forfeited as collection of Defendant's forfeiture money

20  judgment; and

21      WHEREAS, by virtue of said guilty plea, the United States is now entitled to

22  possession of the forfeited property, pursuant to Title 18, United States Code, Section

23  982(a)(2)(A), Title 28, United States Code, Section 2461(c), Title 18, United States

24  Code, Section 982(b), Title 21, United States Code, Section 853(p), and Rule 32.2(b)

25  of the Federal Rules of Criminal Procedure; and

26      WHEREAS, the United States has requested that the Court enter an Order

27  which allows for the United States to provide direct written notice of forfeiture by

28  email to the over 5,000 potential victims and petitioners in this case, as part of the

- 3 -                                21cr2542

1   forfeiture ancillary proceedings under Title 21, United States Code, Section
2   853(n)(1), Federal Rule of Criminal Procedure 32.2(b)(6), and Rule G(4) of the
3   Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;
4   and

5       WHEREAS, the United States, having submitted the Order herein to the
6   Defendant through his attorney of record, to review, and no objections having been
7   received;

8       Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

9       1.    Based upon the guilty plea of Defendant to Count 1 of the Information,
10  a forfeiture money judgment in the amount of $24,098,333 shall be entered against
11  Defendant GLENN ARCARO pursuant to Title 18, United States Code, Section
12  982(a)(2)(A), Title 28, United States Code, Section 2461(c), and Federal Rule of
13  Criminal Procedure 32.2(b).

14      2.    Based upon the guilty plea of Defendant to Count 1 of the Information,
15  all right, title, and interest of Defendant GLENN ARCARO in the $21,250,364.78 is
16  hereby forfeited to the United States pursuant to Title 18, United States Code,
17  Section 982(a)(2)(A), Title 28, United States Code, Section 2461(c), Title 18, United
18  States Code, Section 982(b), and Title 21, United States Code, Section 853(p), for
19  disposition in accordance with the law, subject to the provisions of Title 21, United
20  States Code, Section 853(n).

21      3.    The United States Marshals Service is hereby authorized to take custody
22  and control of the $21,250,364.78 forthwith and maintain the funds in its secure
23  custody and control pending ancillary proceedings, which will resolve the interest of
24  any third parties claiming an interest in the property.

25      4.    Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized
26  to begin proceedings consistent with any statutory requirements pertaining to
27  ancillary hearings and rights of third parties. The Court shall conduct ancillary
28  proceedings as the Court deems appropriate only upon the receipt of timely third-

1 party petitions filed with the Court and served upon the United States. The Court may
2 determine any petition without the need for further hearings upon the receipt of the
3 Government's response to any petition. The Court may enter an amended order
4 without further notice to the parties.

5      5.     Pursuant to the Attorney General's authority under Section 853(n)(1) of
6 Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
7 Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,
8 the United States forthwith shall publish for thirty (30) consecutive days on the
9 Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of
10 the United States' intent to dispose of the property in such manner as the Attorney
11 General may direct, and notice that any person, other than the Defendant, having or
12 claiming a legal interest in the above-listed forfeited property must file a petition with
13 the Court within thirty (30) days of the final publication of notice or of receipt of
14 actual notice, whichever is earlier.

15      6.     This notice shall state that the petition shall be for a hearing to
16 adjudicate the validity of the petitioner's alleged interest in the property, shall be
17 signed by the petitioner under penalty of perjury, and shall set forth the nature and
18 extent of the petitioner's right, title, or interest in the forfeited property and any
19 additional facts supporting the petitioner's claim and the relief sought.

20      7.     The United States shall also, to the extent practicable, provide direct
21 written notice by email to any person known to have alleged an interest in the
22 property that is the subject of the Preliminary Order of Criminal Forfeiture, as a
23 substitute for published notice as to those persons so notified.

24      8.     Upon adjudication of all third-party interests, this Court will enter an
25 Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the
26 aforementioned property, in which all interests will be addressed.

27
28

21cr2542

1    9.    This Court shall retain jurisdiction in the case for the purpose of
2 enforcing the Order of Forfeiture, including enforcement of collection and
3 substitution of assets against the forfeiture money judgment.

4    10.    The United States may, at any time, move pursuant to Rule 32.2(e) to
5 amend the Order of Forfeiture to substitute property having a value not to exceed
6 $24,098,333 to satisfy the forfeiture money judgment in whole or in part.

7    11.    Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final
8 as to the Defendant at the time of sentencing and is part of the sentence and included
9 in the judgement.

10    DATED: 1|9|23

11

12    HONORABLE TODD W. ROBINSON
13    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28