

FILED

FEB 1 3 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

GLENN ARCARO,

    Defendant.

Case No. 21-CR-2542-TWR

CORRECTED PRELIMINARY ORDER OF CRIMINAL FORFEITURE

WHEREAS, in the Information the United States sought forfeiture of all right, title, and interest in property of Defendant GLENN ARCARO, ("Defendant"), pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c) as property constituting, or derived from, proceeds Defendant obtained directly or indirectly as the result of the violation of Title 18, United States Code, Section 1349, including but not limited to $24,098,333, as set forth in Count 1.

WHEREAS, on or about September 1, 2021, Defendant pled guilty before United States Magistrate Judge Mitchell D. Dembin to Count 1 of the Information, which plea included consent to the forfeiture allegations of the Information, and consent to forfeiture of all property seized in connection with the case, including but not limited to the entry of a forfeiture money judgment in the amount of at least $24,098,333. Defendant agreed that the forfeiture money judgment of at least

1 | $24,098,333 represents the proceeds Defendant personally received from the offense
2 | set forth in Count 1, which forfeiture shall be included and incorporated as part of the
3 | judgment in this case; and

4 |      WHEREAS, on September 17, 2021, this Court accepted the guilty plea of
5 | Defendant; and

6 |      WHEREAS, by virtue of the admissions of the Defendant as set out in the plea
7 | agreement and guilty plea, the Court hereby finds that the forfeiture money judgment
8 | of $24,098,333 represents the property constituting, and derived from proceeds
9 | Defendant obtained directly and indirectly as the result of the violation of Title 18,
10 | United States Code, Section 1349, as set forth in Count 1 of the Information; and

11 |      WHEREAS, Defendant has agreed that the provisions for the substitution of
12 | assets exist as provided in Title 18, United States Code, Section 982(b), which
13 | incorporates Title 21, United States Code, Section 853(p), and agreed the United
14 | States may take actions to collect the forfeiture money judgment amount of
15 | $24,098,333; and

16 |      WHEREAS, between October 26, 2021 and January 14, 2022, Defendant
17 | transferred approximately $56 million in cryptocurrency to the United States to be
18 | applied to his future restitution and forfeiture proceedings and judgments; and

19 |      WHEREAS, on November 12, 2021 and February 2, 2022, this Court entered
20 | Orders authorizing the interlocutory sale of cryptocurrency, the net proceeds of which
21 | were held by the United States Postal Service/United States Seized Asset Deposit
22 | Fund as substitute assets, for all purposes, including future restitution and forfeiture
23 | proceedings and judgments; and

24 |      WHEREAS, the net proceeds received from the interlocutory sale of the
25 | cryptocurrency totaled $38,898,165.78; and

26 |      WHEREAS, in the interests of justice the United States does not seek
27 | forfeiture of the $17,647,813 of the $38,898,165.78 because it seeks, by separate
28 | order, to have the Court direct those funds to be applied directly to the victims

21cr2542

1   included in Defendant's restitution order and judgment; and

2       WHEREAS, the United States requests that the Court order the funds
3   designated for restitution in the amount of $17,647,813 of the $38,898,165.78 be
4   ordered transferred from the United States Postal Service/United States Seized Asset
5   Deposit Fund to the Clerk, United States District Court for application to the
6   restitution; and

7       WHEREAS, the United States seeks forfeiture of the remaining
8   $21,250,352.78 of the $38,898,165.78 for Defendant's forfeiture money judgment;
9   and

10       WHEREAS, Defendant stipulated in the Joint Motion for Interlocutory Sale of
11   Cryptocurrency that the funds comprising the $21,250,352.78 of the $38,898,165.78
12   represents forfeitable property constituting and derived from proceeds Defendant
13   obtained directly and indirectly, as the result of his violation of Title 18, United
14   States Code, Section 1349; and

15       WHEREAS, by virtue of the facts set forth in the plea agreement and financial
16   addendum, and the stipulation in the Joint Motion for Interlocutory Sale of
17   Cryptocurrency, the United States has established the requisite nexus between the
18   offense and the forfeiture money judgment of $24,098,333, and the $21,250,352.78
19   of the $38,898,165.78 forfeited as collection of Defendant's forfeiture money
20   judgment; and

21       WHEREAS, by virtue of said guilty plea, the United States is now entitled to
22   possession of the forfeited property, pursuant to Title 18, United States Code, Section
23   982(a)(2)(A), Title 28, United States Code, Section 2461(c), Title 18, United States
24   Code, Section 982(b), Title 21, United States Code, Section 853(p), and Rule 32.2(b)
25   of the Federal Rules of Criminal Procedure; and

26       WHEREAS, the United States has requested that the Court enter an Order
27   which allows for the United States to provide <u>direct written notice of forfeiture by</u>
28   <u>email</u> to the over 5,000 potential victims and petitioners in this case, as part of the

forfeiture ancillary proceedings under Title 21, United States Code, Section 853(n)(1), Federal Rule of Criminal Procedure 32.2(b)(6), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      Based upon the guilty plea of Defendant to Count 1 of the Information, a forfeiture money judgment in the amount of $24,098,333 shall be entered against Defendant GLENN ARCARO pursuant to Title 18, United States Code, Section 982(a)(2)(A), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2(b).

2.      Based upon the guilty plea of Defendant to Count 1 of the Information, all right, title, and interest of Defendant GLENN ARCARO in the $21,250,352.78 is hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A), Title 28, United States Code, Section 2461(c), Title 18, United States Code, Section 982(b), and Title 21, United States Code, Section 853(p), for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

3.      The United States Marshals Service is hereby authorized to take custody and control of the $21,250,352.78 forthwith and maintain the funds in its secure custody and control pending ancillary proceedings, which will resolve the interest of any third parties claiming an interest in the property.

4.      Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-

party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

5. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

7. The United States shall also, to the extent practicable, provide direct written notice by email to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned property, in which all interests will be addressed.

9.    This Court shall retain jurisdiction in the case for the purpose of enforcing the Order of Forfeiture, including enforcement of collection and substitution of assets against the forfeiture money judgment.

10.    The United States may, at any time, move pursuant to Rule 32.2(e) to amend the Order of Forfeiture to substitute property having a value not to exceed $24,098,333 to satisfy the forfeiture money judgment in whole or in part.

11.    Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

DATED: 2|13|23

HONORABLE TODD W. ROBINSON
UNITED STATES DISTRICT JUDGE

- 6 -    21cr2542