

FILED

JAN 0 3 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

2

3

4

5

6

7

8

9

10 **UNITED STATES DISTRICT COURT**

11 **SOUTHERN DISTRICT OF CALIFORNIA**

12 UNITED STATES OF AMERICA,                    Case No.: 21CR2542-TWR

13                 Plaintiff,          **AMENDED ORDER ON**
                                        **THIRD PARTY PETITIONS**
14         v.
                                        **(ECF 237)**
15 GLENN ARCARO,

16                 Defendant.

17

18 RICHARD KYLE BANKS,
   BRAYDON HOINESS,
19 KENNETH CLARKSON,
   SHANE A. BOULWARE,
20 LOLAR JOHNSON,
   NATHAN YAQUINTO,
21 YAROSLAV RUBASHEVSKYI,
   AZEM ZEKA,
22 RICARDO CURIEL,
   LUIS RIVERA,
23 SHANE THORNTON,
   JONATHAN HOLMES,
24  BOGDAN DRAGHICI,
   WILLIAM MOHLMAN,
25 WLAPORN SUWANSUNTISUK,
   UNITY LEWIS,
26 ANITA BENTLEY,
27

28

TRAVIS BURRELL,
GEORGIOS KARASSAS,
BRANDON PRICE,
DARREN GERLACH,
PATRICIA ADAM,
ELYSEE SANON,
NAOKI KAWASHIMA,
TIJAN WHITE,
JULIAN CAROW,
ASFAQURE RAHMAN,
MYUNG HEE PARK,
SAMUEL GUNDERSON,
MARIA LUISA SAPONARO,
JULIAN BRIDENNE,
VICTOR UGARTECHEA,
MICHAEL GRAINGER,
NIHMATHULLAH JEMSHEED,
MARQUISE LEE,
JAROSLAW KOBIERECKI,
FUNKE IDISHA,
ZAKARIA OUAHMI,
PETER GATUNA,
MONA MOHAMED,
PINKHOS IBRAGIMOV,
KEVIN JONES,
SIROUS EYDIVANDI,
PAVEL TYRENKO,
ANATOLY AFANASOV,
SHANNON DAVIDSON,
DARON STEVENS,
RUDI LUNGHINI,
RYAN MILETI,
JASON BIWER,
JOSE ROGERIO PEREIRA,
THERESE ANDRIJEVSKI,
DANIEL JURCZYK,
KVIT LIMKRAILASSIRI,
ALTAMASH ILYAS,
DEVON TANNER,
ALBERT BOUZAGLO,
JORGE SOSA HUAPAYA,
JOAN NAMACHEMO,

21CR2542-TWR

ALAN WEIGAND,
LLOYD FRY,
MATT RONAN,
JOSEPH CALLAHAN,
DAVID PEARSON,
KYLE TRAN,
STEPHEN PAEA,
JONAS LIND,
ENRIQUE UGAS,
ALENA HESTER,
KI HESTER,
HENOK HAGOS,
MICHAEL LEE,
LYNNE HAALAND,
VOLKAN AYDIN,
MARIN KANG,
STEVEN CAMERON,
MAXIME PHILLIPS,
DAPHNE MAES,
MICHELINE CARON,
SUSAN KERSTON,
STEFANO BIASINI,
GREGORY JOSEPH STITT,
DAVID SCHILLING,
RYAN JONES,
TOMMY CHAN,
DYLAN GREIVE,
DAID PHILLIPS,
LARRY STOKES,
MATEEN REJAI-MOGHADAM,
ROSEMARY MOGHADAM,
ELIZABETH BANKS,
JONATHAN CORTES REYES
BELLA SIMKHAYEVA
EMIL FUZAYLOV
COREY STRUZAN

Petitioners.

# I. INTRODUCTION

Defendant Glenn Arcaro was convicted of conspiracy to commit wire fraud. At the same time that he pled guilty to that offense, Defendant surrendered to the United States

an amount of cryptocurrency in the form of Bitcoin. As a part of the sentence imposed in the case, this Court ordered defendant to pay restitution to the identified victims in this case. The Court also ordered Defendant to pay a forfeiture money judgment. Pursuant to its obligation under the Court's forfeiture order, the United States provided notice of the criminal forfeiture. In response, 97 petitions have been filed in this matter by third parties seeking a portion of the forfeited property. This Order addresses those 97 petitions.

After considering the information set forth in the government's Declaration of Carl F. Brooker Re: Government's Position As To Third Party Petitioners (ECF 228) and Supplemental Memorandum (ECF 242), the Court now issues this Amended Order on Third Party Petitioners.

## II. BACKGROUND

A.     **Procedural and Factual History**

On September 1, 2021, Defendant Arcaro was charged by Information with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. ECF 1. The Information charged that between as early as in or around 2017, and continuing through at least in or around 2018, in the Southern District of California and elsewhere, Defendant and others knowingly and intentionally combined, conspired, and agreed to commit wire fraud, in violation of 18 U.S.C. §1343, that is, to execute and attempt to execute a scheme and artifice to defraud investors and potential investors in BitConnect, a cryptocurrency investment platform, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to cause the interstate transmission of wire communications for the purpose of executing that scheme. *Id.* The Information included a forfeiture allegation pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c), seeking forfeiture to the United States upon conviction for Count 1 of all rights, title and interest in any and all property, real or personal, involved in the offense, and any property traceable to such property, including, but not limited to $24,098,333. *Id.*

4

On September 1, 2021, Defendant pleaded guilty to the Information and entered into a written plea agreement. ECF 2, 6.  Defendant's plea agreement included a financial addendum. In his plea agreement, Defendant admitted that [f]rom in or about January 2017 to in or about January 2018, BitConnect operated a global cryptocurrency Ponzi scheme that defrauded retail investors of over $2 billion through investments in BitConnect 'Lending Program.'" ECF 6. In the financial addendum, Defendant also agreed to pay restitution to the victims of the fraudulent scheme.  ECF 6. In the financial addendum, Defendant also consented to the entry of a forfeiture money judgment in the amount of $24,098,333, which represented monies subject to forfeiture to the United States as property constituting, or derived from, proceeds Defendant obtained directly or indirectly, as the result of the offense to which he pleaded guilty, pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c). ECF 6.

Between October 26, 2021 and January 14, 2022, Defendant transferred approximately $56 million in cryptocurrency to the United States to be applied to his future restitution and forfeiture proceedings and judgments. On November 12, 2021 and February 2, 2022, the Court entered Orders authorizing the interlocutory sale of the cryptocurrency with the net proceeds to be held by the United States Postal Service/United States Seized Asset Deposit Fund as substitute assets for all purposes, including future restitution and forfeiture proceedings and judgments.   ECF 27. The interlocutory sale of the cryptocurrency resulted in $38,898,165.78 in net proceeds.

On September 16, 2022, Defendant was sentenced to a term of 38 months in custody. ECF 52.  A corrected preliminary order of forfeiture was entered on February 13, 2023, wherein the Court entered a forfeiture money judgment against Defendant in the amount of $24,098,333. ECF 75. Based on the proceeds of the interlocutory sale of assets, and after designating $17,647,801 of the net proceeds to be designated for restitution, the Court ordered that all right, title, and interest of Defendant in the remaining $21,250,364.78 was forfeited to the United States. *Id.* The preliminary order further authorized the United States Marshals Service to take custody and control of the $21,250,364.78 forthwith and

maintain the funds in its secure custody and control pending any ancillary proceedings in this matter. *Id.* Pursuant to the plea agreement in this matter, on February 13, 2023, this Court issued a corrected restitution order in the amount of $17,647,813. ECF 74.

**B.     FBI Analysis of Petitions and Documents Submitted In Support**

Since October 2021, the Federal Bureau of Investigation identified more than 5,000 victims of the fraudulent scheme at the heart of this case.  FBI agents then engaged in a detailed review of the potential victim investors in order to determine proof of loss. Initially, FBI agents conducted this review as a methodology for determining restitution amounts owed to the victims in this case. In simple terms, this vetting process consisted of FBI agents determining whether a potential victim could provide proof that he/she sent money from a cryptocurrency wallet they controlled to a BitConnect wallet.  The agents took whatever evidentiary documentation the victim submitted for restitution and conducted a blockchain analysis, which was performed using publicly accessible tools, in order to verify investment into Bitconnect. Any verified investment into BitConnect would then be reduced by any verified withdrawals from BitConnect before the scheme imploded. See Hantz Decl. ¶ 7-9.

The third-party petitions which are the subject of this Order underwent the same vetting process to determine what amount, if any, individual petitioners might recover in this ancillary proceeding. See Hantz Decl. ¶ 16-19. Counsel for the United States has represented to the Court that all petitions that were filed with the Court were forwarded to the FBI for review. Once received, the agents reviewed the petitions and the supporting documents and analyzed them using the methodology explained in Agent Monica Hantz's declaration to determine whether the individual petitioner could show that they had transferred money from a cryptocurrency wallet they controlled to a Bitconnect cryptocurrency wallet.  None of the third-party petitioners have lodged a valid objection to the vetting process employed by the government and the Court finds that the vetting process utilized a reasonable and reliable methodology to determine the viability of the

21CR2542-TWR

third-party claims. The Court therefore accepts the results of the government's vetting process.

## III. LEGAL FRAMEWORK

### A.    Motion To Dismiss Pursuant to Rule 32.2(c)(1)(A)

"In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, or for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). A court may grant a motion to dismiss where a petitioner fails to allege in its petition all elements for recovery, including those relating to standing, and the court may dismiss the petition without a hearing. *United States v. BCCI Holdings (Luxembourg), S.A.,* 919 F. Supp. 31, 36 (D.D.C. 1996).

### B.    21 U.S.C. § 853 Criminal Forfeiture Ancillary Proceedings

### 1.    A Petitioner Bears Burden Of Proof To Qualify Under § 853(n)(6)(A) or (B)

Federal Rule of Criminal Procedure 32.2(c) allows third parties to file petitions asserting interests in property that has been found to be subject to forfeiture in a preliminary order of forfeiture. The ancillary proceeding to adjudicate third party petitions is governed procedurally by 21 U.S.C. § 853. "The petition *shall* be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3) (emphasis added). "Courts have strictly construed the statutory requirements in order to discourage false or frivolous claims…Indeed, requiring a claimant to sign personally under penalty of perjury serves the government's legitimate interest in protecting forfeited assets." *United States v. Ginn,* 799 F. Supp. 2d 645, 647 (E.D. La. 2010) (finding that where petitioner failed to sign under penalty of perjury and failed to provide sufficient facts to support their asserted interest, the Government's motion to dismiss should be granted).

There are only two avenues of relief under 21 U.S.C. § 853(n)(6), requiring that a petitioner show by a preponderance of the evidence that either: (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant, or was superior to any right, title, or interest of the defendant at the time of the commission of the acts that gave rise to the forfeiture of the property under section 853, or; (B) the petitioner is a bona fide purchaser of value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture.

The petitioner *bears the burden of proof* in the ancillary proceeding. *See* 21 U.S.C. § 853(n)(6). *See United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005) ("The Petitioner bears the burden of proving his right, title, or interest under § 853(n)(6).").

**2.    A Petitioner Must Establish Article III & Statutory Standing**

A petitioner must first establish that he has a legal interest in the forfeited property sufficient to satisfy the statutory standing requirement in section 853(n)(2). The Petitioner has the burden of establishing both Article III standing and the statutory standing requirement in section 853(n)(2). *See United States v. Lazarenko*, 476 F.3d 642, 649 (9th Cir. 2007) (citing *Elk Grove Unified Sch. Dist.*, 542 U.S. 1, 12 (2004) and *Allen v. Wright*, 468 U.S. 737, 751 (1984), both cases abrogated by *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). "To establish Article III standing, a litigant must show that the allegedly unlawful conduct caused him to suffer an actual or imminent injury--not a hypothetical, conjectural, or abstract injury--that a favorable decision would likely redress." *Id.*

The Court looks to the law of the jurisdiction that created the petitioner's property interest to see what interest the petitioner has in the property, and then looks to federal law to see if that interest is sufficient to exempt the property from forfeiture under the federal forfeiture statute. See *United States v. Lester*, 85 F.3d 1409, 1412 (9th Cir. 1996) ("Once the ownership interests are defined under state law, however, the federal forfeiture statute

determines whether those property interests must be forfeited to the Government.") If the Court determines the petitioner does in fact have a legal interest in the property under state law, it must then look to federal law to determine whether the petitioner's interest is sufficient to satisfy the statutory standing requirement in § 853(n)(2) and the grounds for recovery set forth in § 853(n)(6)(A) and (B). *United States v. Timley,* 507 F.3d 1125, 1129-30 (8th Cir. 2007). However, "[i]f the claimant has no interest under state law, the inquiry ends, and the claim fails for lack of standing." *Id.* at 1130.

3.      **Equitable Principle of Constructive Trust**

Under equitable principles, a victim can establish a legal right or interest in property that is superior to the defendant's interest under a constructive trust theory. In *United States v. $4,224,958.57 ("Boylan")*, 392 F.3d 1002, 1004 (9th Cir. 2004), the Ninth Circuit held that under principles of constructive trusts and equity, victims may file and prevail on third party petitions to forfeitable property. *Id.* However, even where a constructive trust is found to exist, a victim-petitioner still maintains the burden of proof set forth in 21 U.S.C. § 853(n) wherein the petitioner must trace their interest to the specific forfeited property. *United States v. Wilson*, 659 F.3d 947, 956 (9th Cir. 2011); 21 U.S.C. § 853(n)(6)(A)-(B). Though there may be circumstances present where a court may suspend the tracing requirement, the Ninth Circuit has recognized that this suspension occurs where "equity so demands" such as where tracing would allow "one fraud victim to recover all of his losses at the expense of other victims." *Wilson*, 659 F.3d at 956.

A constructive trust arises by operation of law as soon as a "fraudster acquires property from a victim by fraud." *Id.*, citing California Civil Code §§ 2223 and 2224. "A constructive trust is a remedial device primarily created to prevent unjust enrichment; equity compels the restoration to another of property to which the holder thereof is not justly entitled." *Kraus v. Willow Park Public Golf Course*, 73 Cal.App.3d 354, 373 (1977) (noting that the elements of constructive trusts in California are: existence of res, plaintiff's right to that res, and defendants gain of that res by fraud, accident, mistake,

9

undue influence, violation of the trust or other wrongful act) (citations omitted). California Civil Code §§ 2223 and 2224 define constructive trusts.

Under § 2223, "[o]ne who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of an owner." In turn, under § 2224, "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." A party claiming the existence of a constructive trust must meet a clear and convincing burden of proof. *See Marshall v. Marshall*, 232 Cal.App.2d 232, 246 (1965) (citations omitted). Victims who can establish that a constructive trust theory applies to the property at issue will satisfy the Article III standing requirement. *Boylan*, 392 F.3d at 1005. But, again, if a petitioner who is the beneficiary of a constructive trust cannot trace their interest to the specific forfeited property, the petitioner will fail the statutory standing requirement. *Wilson*, 659 F.3d at 956.

**4.      Assessing The Merits Of Petition Under 21 U.S.C. § 853(n)(6)(A) & (B)**

Once the Court determines whether the petitioner has standing to contest the forfeiture in the ancillary proceeding, it must determine if the petitioner is able to prevail on the merits. *See Nava*, 404 F.3d at 1125. "The Petitioner bears the burden of proving his right, title, or interest under Â§ 853(n)(6)." *Id.* Both the petitioner and the Government have the right to present evidence in the ancillary proceeding "with the burden ultimately on the petitioner to prove her claim by a preponderance of the evidence[.]" *Pacheco v. Serendensky,* 393 F.3d 348, 351 (2d Cir. 2004).

The only grounds on which a third-party petitioner can prevail in an ancillary proceeding are those set forth in 21 U.S.C. § 853(n)(6)(A) and (B). *See, Hooper* at 822. That is, the petitioner must establish either (1) that they had a legal right, title or interest in the forfeited property that was superior to the defendant's interest at the time the property became subject to forfeiture; or (2) that they acquired the property after it became subject to forfeiture as a bona fide purchaser for value who was without reason to know

that the property was subject to forfeiture. *Id.* (confirming that courts may not create additional grounds for relief other than these two limited categories established by statute).

Thus, the timing of a petitioner's acquisition of interest in the property is crucial. Under what is known as the "relation-back doctrine", codified at 21 U.S.C. § 853, the government's interest in property subject to forfeiture vests at the time of the act giving rise to the forfeiture. *Id.* If the petitioner acquired his interest in the property before the act giving rise to forfeiture, that interest will trump the government's interest regardless of how the interest was acquired and regardless of the petitioner's knowledge of the events giving rise to the forfeiture. *See Nava,* 404 F.3d at 1129 (because government's interest in property vested at the time of the offense, claimant can recover under § 853(n)(6)(A) only if her interest vested before that time).

## C.   Double Recovery for Victims is Not Permitted

"The purpose of § 3664(j)(2) is to prevent double recovery by a victim." *United States v. Stanley,* 309 F.3d 611, 613 (9th Cir. 2002). Generally, as in *Stanley,* this issue arises when a district court is determining the amount of restitution owed to a victim, which means the court must ascertain whether the victim has received compensation for the same loss from other sources. If a victim has received compensation from other sources for the same loss caused by the defendant, a restitution amount will be reduced to ensure that a victim does not obtain multiple recoveries for the same loss. Plainly stated, a victim cannot obtain multiple recoveries for the same loss. See 18 U.S.C. § 3664(j); *United States v. McDaniel,* 398 F.3d 540, 555 (6th Cir. 2005).

## IV. ANALYSIS

### A.   Deficient Petitions:  Signature and/or Standing

The Court dismisses the petitions identified in the lettered paragraphs immediately below pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) because the respective petitioners either failed to sign the petition under penalty of perjury,[1] failed to provide sufficient

---

[1]   The petitions filed as ECF Nos. 80, 81, 90, 97, 108, 110, 112, 113, 124, 125, 126, 132, 134, 136, 142, 144, 151, 159, 160, 161, 163, 166, 167, 169, 171, 173, and 178 were not signed under penalty of

1  documentation to show that the petitioner deposited funds into an account attributed to the
2  BitConnect scheme, or both. For those petitions which fail to sufficiently document an
3  investment into Bitconnect, the Court finds that those petitioners have failed to establish
4  either Article III standing and/or statutory standing.[2]

5  **a.    ECF 80 Richard Kyle Banks**

6  Petitioner Banks' petition was filed on March 1, 2023, and was not signed under
7  penalty of perjury. Petitioner Banks claims he has an interest of $1,187,001.51 in the
8  forfeited property. Petitioner Banks provided partial screenshots of transactions that appear
9  to be related to Bitconnect; however, none of the screenshots contain the specific
10 information necessary for the FBI agents to verify the transaction and attribute it to
11 Petitioner Banks through blockchain analysis.

12 **b.    ECF 81 Braydon Hoiness**

13 Petitioner Hoiness' petition was filed on March 6, 2023, and was not signed under
14 penalty of perjury. Petitioner Hoiness claims he has an interest of $20,000-$25,000 in the
15 forfeited property. Petitioner Hoiness provided partial screenshots of transactions that
16 appear to be related to Bitconnect; however, none of the screenshots contain the specific
17 information necessary for the FBI agents to verify the transaction and attribute it to
18 Petitioner Hoiness through blockchain analysis.

19 **c.    ECF 87 Shane Boulware**

20 Petitioner Boulware's petition was filed on March 9, 2023, and was signed under
21 penalty of perjury. Petitioner Boulware claims he has an interest of $25,527.58 in the
22 forfeited property. Petitioner Boulware provided a screenshot of transactions and
23 transaction histories that appear to be related to Bitconnect; however, none of the

24
25 perjury as required by § 853(n)(3). The Court finds this deficiency to be significant, as it serves an
   important gate-keeping function in proceedings of this nature as a shield against false or frivolous claims.

26 [2]    More specifically, none of these petitioners provided information that sufficiently demonstrated
27 that they personally invested in Bitconnect. Thus, they have not established Article III standing. Additionally,
   they have neither a "legal interest", in the specific forfeited property, nor do they have "legal right, title or interest"
28 in the specific forfeited property, and they have not shown themselves to be a bona fide purchaser of the forfeited
   property. 21 U.S.C. § 853(n)(2) and (n)(6)(A)-(B).

21CR2542-TWR

screenshots contain the specific information necessary for the FBI agents to verify any transactions and attribute them to Petitioner Boulware through blockchain analysis.

### d.     ECF 90 Lolar Johnson

Petitioner Johnson's petition was filed on March 10, 2023. Petitioner Johnson failed to sign the petition. Petitioner Johnson claims they have an interest of $5,900 in the forfeited property. Petitioner Johnson submitted information about purported Bitcoin transactions, but failed to provide any information about transactions with Bitconnect that would allow agents to verify the transactions through blockchain analysis.

### e.     ECF 91 Nathan Yaquinto

Petitioner Yaquinto's petition was filed on March 10, 2023, and was signed under penalty of perjury. Petitioner Yaquinto claims he has an interest of $19,939.51 in the forfeited property.  Petitioner Yaquinto failed to provide any documentation of his claimed deposit with Bitconnect.

### f.     ECF 93 Yaroslav Rubashevskyi

Petitioner Rubashevskyi's petition was filed on March 13, 2023, and was signed under penalty of perjury. Petitioner Rubashevskyi claims he has an interest of $2,400.00 in the forfeited property. Petitioner Rubashevskyi failed to provide sufficient information regarding his purported deposits into Bitconnect that would enable agents to verify the transactions through blockchain analysis.

### g.     ECF 97 Azem Zeka

Petitioner Zeka's petition was filed on March 14, 2023, and was not signed under penalty of perjury. Petitioner Zeka claims he has an interest of $14,862.31 in the forfeited property. Petitioner Zeka submitted partial screenshots of Bitcoin transactions; however, FBI agents determined these transactions were not associated with Bitconnect.

### h.     ECF 99 Ricardo Curiel

Petitioner Curiel's petition was filed on March 16, 2023, and was signed under penalty of perjury. Petitioner Curiel claims he has an interest of $71,920.00 in the forfeited property. Petitioner Curiel submitted what appear to be partial screenshots of what purports

to be Bitconnect account information; however, this information is not sufficient and does not allow for blockchain analysis to verify the transaction and attribute it to Petitioner Curiel.

### i.   ECF 101 Luis Rivera

Petitioner Rivera's petition was filed on March 15, 2023, and was signed under penalty of perjury. Petitioner Rivera claims he has an interest of $12,000.00 in the forfeited property. Petitioner Rivera provided bank records in support of his petition; however, these records do not document any Bitconnect transactions. Petitioner Rivera also provided some information related to his Bitconnect account, however, as explained in the attached declaration, agents are unable to access Bitconnect accounts. FBI agents are therefore unable to verify that Petitioner Rivera deposited any funds into the Bitconnect scheme.

### j.   ECF 108 Shane Thornton

Petitioner Thornton's petition was filed on March 17, 2023, and was not signed under penalty of perjury. Petitioner Thornton claims he has an interest of $20,000.00 in the forfeited property (which Petitioner Thornton claims represents his $16,814 "total loss" plus "pain and suffering, compounded interests, time and energy for gathering and organizing documentation."). Petitioner Thornton provided bank records and screenshots that were purportedly related to Bitconnect; however, this information did not show his claimed deposit with Bitconnect.

### k.   ECF 110 Bogdan Draghici

Petitioner Draghici's petition was filed on March 20, 2023, and was not signed under penalty of perjury. Petitioner Draghici claims he has an interest of $20,000.00 in the forfeited property. Petitioner Draghici failed to provide any information that would allow FBI agents to verify any transactions and attribute them to Petitioner Draghici through blockchain analysis.

### l.   ECF 112 William Mohlman

Petitioner Mohlman's petition was filed on March 20, 2023, and was not signed under penalty of perjury. Petitioner Mohlman claims he has an interest of $107,740.00 in

the forfeited property. Petitioner Mohlman failed to provide specific transaction information regarding his claimed deposit with Bitconnect and FBI agents, therefore, were unable to verify his loss through blockchain analysis.

### m.   ECF 113 Wlanporn Suwansuntisuk

Petitioner Suwansuntisuk's petition was filed on March 20, 2023, and was not signed under penalty of perjury. Petitioner Suwansuntisuk claims they have an interest of $5,000.00 in the forfeited property. Petitioner Suwansuntisuk email confirmation of their purported transactions with Bitconnect, however, these emails do not provide specific transaction information that would allow FBI agents to verify the transactions through blockchain analysis.

### n.   ECF 121 Unity Lewis

Petitioner Lewis' petition was filed on March 22, 2023, and was signed under penalty of perjury. Petitioner Lewis claims they have an interest of $37,138.88 in the forfeited property. Petitioner Lewis provided email confirmations and screenshots from a purported Bitconnect account; however, these documents do not provide specific transaction information that would allow FBI agents to verify the transactions through blockchain analysis.

### o.   ECF 124 Anita Bentley

Petitioner Bentley's petition was filed on March 23, 2023, and was not signed under penalty of perjury. Petitioner Bentley claims she has an interest of $16,787.04 in the forfeited property. Petitioner Bentley provided partial screenshots showing her purported account with Bitconnect; however, this submission does not provide the specific transaction information that would allow FBI agents to verify the transactions through blockchain analysis.

### p.   ECF 125 Travis Burrell

Petitioner Burrell's petition was filed on March 23, 2023, and was not signed under penalty of perjury. Petitioner Burrell claims he has an interest of $1,500.00 in the forfeited property. Petitioner Burrell did not provide any information about his purported

21CR2542-TWR

transactions with Bitconnect, nor did he provide any information about his purported Bitconnect account.

**q.    ECF 126 Georgios Karassas**

Petitioner Karassas' petition was filed on March 24, 2023, and was not signed under penalty of perjury. Petitioner Karassas claims he has an interest of $17,000.00 in the forfeited property. Petitioner Karassas did not provide any specific information about his claimed transactions with Bitconnect and instead only provided a general date range of when he purportedly deposited these funds into Bitconnect.

**r.    ECF 131 Darren Gerlach**

Petitioner Gerlach's petition was filed on March 28, 2023, and was signed under penalty of perjury. Petitioner Gerlach claims he has an interest of $12,546.70 in the forfeited property. Petitioner Gerlach provided emails and partial screenshots of a purported Bitconnect account; however, these documents do not provide specific transaction information that would allow FBI agents to verify purported transactions through blockchain analysis.

**s.    ECF 132 Patricia Adam**

Petitioner Adam's petition was filed on March 28, 2023, and was not signed under penalty of perjury. Petitioner Adam claims she has an interest of $28,000.00 in the forfeited property. Petitioner Adam provided screenshots of her purported Bitconnect account as well as the receiving address for her Bitconnect wallet; however, the documentation provided by Petitioner Adam only showed withdrawals made from a Bitconnect account and did not provide any information about deposit transactions.

**t.    ECF 134 Elysee Sanon**

Petitioner Sanon's petition was filed on March 20, 2023, and was not signed under penalty of perjury. Petitioner Sanon claims she has an interest of $26,562.94 in the forfeited property. Petitioner Sanon provided some information regarding certain purported transactions with Bitconnect; however, the information provided did not allow FBI agents to verify the transactions through blockchain analysis.

**u.     ECF 136 Tijan White**

Petitioner White's petition was filed on March 28, 2023, and was not signed under penalty of perjury. Petitioner White claims he has an interest of 1.54904844 BTC in the forfeited property. Petitioner White provided email confirmations of purported Bitcoin transactions, however, the wallet information provided by Petitioner White is not associated with Bitconnect.

**v.     ECF 141 Julian Carow**

Petitioner Carow's petition was filed on March 30, 2023, and was signed under penalty of perjury. Petitioner Carow claims he has an interest of $16,702.00 in the forfeited property. Petitioner Carow provided screenshots of emails that show purported transactions with Bitconnect; however, this documentation only provided evidence of withdrawals and did not provide evidence of an investment.

**w.     ECF 142 Asfaqure Rahman**

Petitioner Rahman's petition was filed on March 29, 2023, and was not signed under penalty of perjury. Petitioner Rahman claims he has an interest of $10,100.00 in the forfeited property. Petitioner Rahman provided an email confirming a purported Bitconnect account and provided screenshots of transaction histories of the purported account, but failed to provide information that would allow FBI agents to verify the claimed transactions and attribute them to Petitioner Rahman through block chain analysis.

**x.     ECF 144 Samuel Gunderson**

Petitioner Gunderson's petition was filed on March 31, 2023, and Petitioner Gunderson failed to sign the petition. Petitioner Gunderson claims he has an interest of $2,600.00 in the forfeited property. Petitioner Gunderson email addresses associate with his purported Bitconnect account and provided a screenshot of what appears to be partial information of a purported Bitcoin transaction; however, this information was not sufficient to allow FBI agents to verify the purported transaction through blockchain analysis.

//

### y.    ECF 145 Myung Hee Park

Petitioner Park's petition was filed on March 31, 2023, and was signed under penalty of perjury. Petitioner Park claims to have an interest of $162,127.33 in the forfeited property. Petitioner Park provided several email addresses belonging to persons (including Petitioner Park) that contributed to Bitconnect deposits and Petitioner Park also provided screenshots showing activity from a purported Bitconnect account. However, this documentation did not provide the type of information that FBI agents would be able to use to perform a blockchain analysis to verify these transactions.

### z.    ECF 150 Victor Ugartechea

Petitioner Ugartechea's petition was filed on April 3, 2023, and was signed under penalty of perjury. Petitioner Ugartechea claims an interest of $1,621.05 in the forfeited property. Petitioner Ugartechea provided an email and a screenshot showing a purported deposit into Bitconnect, but those documents failed to provide sufficient information that would allow FBI agents to verify the transaction and attribute it to Petitioner Ugartechea through blockchain analysis.

### aa.    ECF 151 Michael Grainger

Petitioner Grainger's petition was filed on April 3, 2023, and was not signed under penalty of perjury. Petitioner Grainger claims an interest of $8,410.00 in the forfeited property. Petitioner Grainger provided a screenshot of a purported deposit into Bitconnect, but this documentation failed to provide sufficient information that would allow FBI agents to verify the transaction and attribute it to Petitioner Grainger.

### bb.    ECF 153 Nihmathullah Jemsheed

Petitioner Jemsheed's petition was filed on April 3, 2023, and was signed under penalty of perjury. Petitioner Jemsheed claims an interest of $45,000.00 in the forfeited property. Petitioner Jemsheed provided bank statements, transaction receipts, and screenshots of transaction histories in support of his petition. Using this information, FBI agents determined that the wallet address that Petitioner Jemsheed claims was associated with Bitconnect was not a Bitconnect wallet.

21CR2542-TWR

**cc.    ECF 159 Jaroslaw Kobierecki**

Petitioner Kobierecki's petition was filed on April 10, 2023, and was not signed under penalty of perjury. Petitioner Kobierecki claims an interest of $5,000.00 in the forfeited property. Petitioner Kobierecki failed to provide any documentation of the claimed deposit with Bitconnect.[3]

**dd.    ECF 160 Funke Idisha**

Petitioner Idisha's petition was filed on April 10, 2023, and was signed under penalty of perjury. Petitioner Idisha claims she has an interest of $5,000.00 in the forfeited property. Petitioner Idisha provided screenshots of transaction confirmations; however, the information contained within those screenshots did not allow FBI agents to verify the transaction or attribute it to Petitioner Idisha through blockchain analysis.

**ee.    ECF 161 Zakaria Ouahmi**

Petitioner Ouahmi's petition was filed on April 10, 2023, and was not signed under penalty of perjury. Petitioner Ouahmi claims an interest of 1.99 BTC in the forfeited property. Petitioner Ouahmi had previously submitted documents seeking restitution. Using the information provided in the previous submission paired with the documentation submitted in the forfeiture stage of this case, FBI agents were able to determine that Petitioner Ouahmi withdrew more from Bitconnect than Petitioner Ouahmi deposited.

**ff.    ECF 163 Peter Gatuna**

Petitioner Gatuna's petition was filed on April 10, 2023, and was not signed under penalty of perjury. Petitioner Gatuna claims he has an interest of $10,250.00 in the forfeited property. Petitioner Gatuna failed to provide any documentation of his claimed deposit with Bitconnect.

**gg.    ECF 165 Mona Mohamed**

Petitioner Mohamed's petition was filed on April 13, 2023, and was signed under penalty of perjury. Petitioner Mohamed claims an interest of $3,535.00 in the forfeited

---

[3]    Petitioner Kobierecki also submitted documents during the restitution phase of this case, but FBI agents were not able to verify and/or attribute any of those claimed transactions.

21CR2542-TWR

property. Petitioner Mohamed provided screenshots of purported cryptocurreny transactions but failed to provide any documentation of transactions with Bitconnect.

**hh.    ECF 166 Pinkhos Ibragimov**

Petitioner Ibragimov's petition was filed on April 17, 2023, and was not signed under penalty of perjury. Petitioner Ibragimov claims an interest of $17,000.00 in the forfeited property. Petitioner Ibragimov submitted partial screenshots from a purported Bitconnect account but failed to provide any information about transactions with Bitconnect that would allow FBI agents to verify the transactions through blockchain analysis.

**ii.    ECF 167 Kevin Jones**

Petitioner Jones' petition was filed on April 14, 2023, and was not signed under penalty of perjury. Petitioner Jones claims he has an interest of $30,000.00 in the forfeited property. Petitioner Jones failed to provide any documentation of his claimed deposit with Bitconnect.

**jj.    ECF 169 Sirous Eydivandi**

Petitioner Eydivandi's petition was filed on April 19, 2023, and was not signed. Petitioner Eydivandi claims an interest of $57,054.15 in the forfeited property. Petitioner Eydivandi provided partial screenshots of his purported Bitconnect wallet; however, he did not provide sufficient information that would allow FBI agents to verify his deposits through blockchain analysis.

**kk.    ECF 171 Pavel Tyrenko**

Petitioner Tyrenko's petition was filed on April 20, 2023, and was not signed under penalty of perjury. Petitioner Tyrenko claims an interest of $1,000.00 in the forfeited property. Petitioner Tyrenko submitted partial information about his transaction with Bitconnect; however, due to the limited information provided by Petitioner Tyrenko, FBI agents were unable to complete their blockchain analysis.

//

//

**ll.    ECF 173 Shannon Davidson**

Petitioner Davidson's petition was filed on April 24, 2023, and was not signed under penalty of perjury. Petitioner Davidson claims they have an interest of $122,769.87 in the forfeited property. However, Petitioner Davidson failed to provide sufficient documentation of the claimed deposit with Bitconnect.

**mm.   ECF 178 Daron Stevens (filed on May 5, 2023 and postmarked April 28, 2023)**

Petitioner Stevens' petition was filed on May 5, 2023 (postmarked April 28, 2023), and was not signed under penalty of perjury. Petitioner Stevens claims an interest of .79700748 BTC in the forfeited property. Petitioner Stevens provided an email that lists several purported transactions with Bitconnect; however, Petitioner Stevens failed to provide any wallet addresses or other specific transaction information that would allow FBI agents to verify those transaction through blockchain analysis.

**nn.   ECF 179 Rudi Lunghini (filed on May 12, 2023 and postmarked April 1, 2023)**

Petitioner Lunghini's petition was filed on May 12, 2023 (postmarked April 1, 2023), and was signed under penalty of perjury. Petitioner Lunghini claims an interest of $12,561.00 in the forfeited property. Petitioner Lunghini submitted several screenshots of what appear to be ledger entries involving Bitcoin, but Petitioner Lunghini failed to provide any information about transactions with Bitconnect and therefore FBI agents could not verify his claimed deposits through blockchain analysis.

**oo.   ECF 182 & 197 Emil Fuzaylov**

**B.**    Petitioner Fuzaylov's initial petition was filed on May 30, 2023, and was signed under penalty of perjury. Petitioner Fuzaylov filed a supplement to his petition on June 12, 2023, which corrected his address and appeared to include some additional documentation in support of his petition.  Petitioner Fuzaylov claimed an interest of $11,953.00 in the forfeited property.  Considering both the initial petition and the supplemental documents submitted, Petitioner Fuzaylov provided screenshots of accounts and transactions that he

claims show his investment with Bitconnect; however, none of the screenshots contain the specific information necessary for the FBI agents to verify the transactions and attribute them to Petitioner Fuzaylov through blockchain analysis. **Deficient Petitions: Signature, Traceable Interest and/or Restitution**

The Court dismisses the petitions identified in the lettered paragraphs immediately below pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) because the respective petitioners either failed to sign the petition under penalty of perjury,[4] failed to establish by a preponderance of the evidence that they have a traceable interest in the forfeited property as required by § 853(n)(6)(A) and (B)[5] and/or have already received restitution for the loss suffered.[6]

### a.   ECF 86 Ryan Mileti

Petitioner Mileti's petition was filed on March 10, 2023, and was not signed under penalty of perjury. During the restitution phase of this case, Petitioner Mileti requested $5,584.00 and based on the documentation he provided at that time, the Court granted him $5,584.00 in restitution. See ECF 74. He now requests $15,466.18 (which Petitioner Mileti claims is the "current valuation"), but he provided no additional documentation in these proceedings, nor did he include any documentation or explanation as to how he arrived at this "current valuation" figure.

### b.   ECF 89 Jason Biwer

Petitioner Biwer's petition was filed on March 8, 2023, and was not signed under penalty of perjury. During the restitution phase of this case, Petitioner Biwer requested

---

[4]  The petitions filed as ECF Nos. 86, 89, 94, 95, 100, 104, 114, 116, 119, 120, 123, 130, and 155 were not signed under penalty of perjury as required by § 853(n)(3). The Court finds this deficiency to be significant, as it serves an important gatekeeping function in proceedings of this nature as a shield against false or frivolous claims.

[5]  A petitioner must allege facts demonstrating an ability to trace their purported interest to a specific forfeited property. *Wilson*, 659 F.3d at 956; § 853(n)(6)(A) and (B). Without legal interest in the specific forfeited property, a petitioner lacks standing. Such is the case here with respect to the petitions addressed in this section of the Court's Order.

[6]  The petitions filed as ECF Nos. 94, 95, 100. 114, 115, 130, 143, 155, 157, and 168 appear to be requests for payment of the restitution amount that the Court has already ordered.

21CR2542-TWR

$44,350.00 and based on the documentation he provided at that time, the Court granted him $44,350.00 in restitution. See ECF 74.  He now requests $44,350.00 and has provided no additional documentation to support the current request.

  **c.**  **ECF 94 Jose Rogerio Pereira**

  Petitioner Pereira's petition was filed on March 8, 2023, and was not signed under penalty of perjury. During the restitution phase of this case, Petitioner Pereira requested $8,289.00 and based on the documentation he provided at that time, the Court granted him $8,289.00 in restitution. See ECF 74.  He now requests $8,289.00 and has provided no additional documentation to support that request.

  **d.**  **ECF 95 Therese Andrijevski**

  Petitioner Andrijevski's petition was filed on March 13, 2023, and was not signed under penalty of perjury. During the restitution phase of this case, Petitioner Andrijevski requested $12,546.00 and based on the documentation she provided at that time, the Court granted her $12,546.00 in restitution. See ECF 74.  She now requests $12,546.00 and has provided no additional documentation to support that request.

  **e.**  **ECF 100 Daniel Jurczyk**

  Petitioner Jurczyk's petition was filed on March 15, 2023, and was not signed under penalty of perjury. During the restitution phase of this case, Petitioner Jurczyk requested $5,047.00 and based on the documentation he provided at that time, the Court granted him $5,047.00 in restitution. See ECF 74. Petitioner Jurczyk now requests $5,047.00 and has provided no additional documentation to support that request.

  **f.**  **ECF 104 Kvit Limkrailassiri**

  Petitioner Limkrailassiri's petition was filed on March 17, 2023, and was not signed under penalty of perjury. During the restitution phase of this case, Petitioner Limkrailassiri requested $454,700.00 and based on the documentation provided at that time, the Court granted $254,665.00 in restitution, which was the amount verified by FBI agents. See ECF 74.  Petitioner Limkrailassiri now requests $200,035.00, which Petitioner Limkrailassiri

continues to claim is the correct amount; however, Petitioner Limkrailassiri did not provide any additional documentation in these ancillary proceedings.

### g.    ECF 114 Altamash Ilyas

Petitioner Ilyas' petition was filed on March 20, 2023, and was not signed under penalty of perjury. During the restitution phase of this case, Petitioner Ilyas requested $57,880.00 and based on the documentation provided at that time, the Court granted $51,553.00 in restitution. See ECF 74.  Petitioner Ilyas now requests $51,553.00 in his petition and has provided no additional documentation to support that request.

### h.    ECF 115 Devon Tanner

Petitioner Tanner's petition was filed on March 20, 2023, and was signed under penalty of perjury. During the restitution phase of this case, Petitioner Tanner requested $1,173.00 and based on the documentation provided at that time, the Court granted $1,173.00 in restitution. See ECF 74.  Petitioner Tanner now requests $1,173.00 and has provided no additional documentation to support that request.

### i.    ECF 116 Albert Bouzaglo

Petitioner Bouzaglo's petition was filed on March 20, 2023, and was not signed under penalty of perjury. During the restitution phase of this case, Petitioner Bouzaglo requested $29,774.00 and based on the documentation provided at that time, the Court granted $11,930.00 in restitution. See ECF 74.  Petitioner Bouzaglo now requests the current valuation of 4.44703 BTC. Petitioner Bouzaglo did not provide any additional documentation in these ancillary proceedings.

### j.    ECF 119 Joan Namachemo

Petitioner Namachemo's petition was filed on March 21, 2023, and was not signed under penalty of perjury. During the restitution phase of this case, Petitioner Namachemo requested $5,730.00 and based on the documentation provided at that time, the Court granted $5,730.00 in restitution. See ECF 74.  Petitioner Namachemo now requests $12,500.00 and has provided no additional documentation or explanation to support her claim.

21CR2542-TWR

**k.     ECF 120 Jorge Sosa Huapaya**

Petitioner Huapaya's petition was filed on March 21, 2023, and was not signed under penalty of perjury. During the restitution phase of this case, Petitioner Huapaya requested $49,351.00 and based on the documentation provided at that time, the Court granted $14,596.00 in restitution. See ECF 74.  Petitioner Huapaya now requests 2.72882597 BTC, which Petitioner Huapaya continues to claim is the correct amount; however, Petitioner Huapaya did not provide any additional documentation to support that request.

**l.     ECF 123 Alan Weigand**

Petitioner Weigand's petition was filed on March 23, 2023, and was not signed under penalty of perjury. During the restitution phase of this case, Petitioner Weigand requested $36,976.00 and based on the documentation provided at that time, the Court granted $22,483.00 in restitution. See ECF 74.  Petitioner Weigand now requests $50,000.00, which Petitioner Weigand claims the correct amount; however, Petitioner Weigand did not provide any additional documentation to support that claim.

**m.    ECF 128 Lloyd Fry**

Petitioner Fry's petition was filed on March 27, 2023, and was signed under penalty of perjury. During the restitution phase of this case, Petitioner Fry requested $20,275.00 and based on the documentation provided at that time, the Court granted $20,275.00 in restitution. See ECF 74.  Petitioner Fry now requests $2,500,000.00 for "pain and suffering;" Petitioner Fry did not provide additional documentation in these proceedings to support the amount of his claim.

**n.     ECF 130 Matt Ronan**

Petitioner Ronan's petition was filed on March 28, 2023, and was not signed under penalty of perjury. During the restitution phase of this case, Petitioner Ronan requested $5,979.00 and based on the documentation provided at that time, the Court granted $5,979.00 in restitution. See ECF 74.  Petitioner Ronan now requests $5,979.00 and has not provided any additional information to support that claim.

//

### o.    ECF 139 Joseph Callahan

Petitioner Callahan's petition was filed on March 28, 2023, and was signed under penalty of perjury. During the restitution phase of this case, Petitioner Callahan requested $40,115.00 and based on the documentation provided at that time, the Court granted $40,115.00 in restitution. See ECF 74.  In his petition, Petitioner Callahan claims to have invested 4.012 BTC with Bitconnect and requests the liquidation value of those Bitcoins, minus the $40,115.00 that he received in restitution.  Petitioner Callahan did not provide any additional documentation and failed to put forth any facts to support his ability to trace his interest to the specific forfeited properties. *See Wilson*, 659 F.3d at 956; §853(n)(6)(A) and (B).

### p.    ECF 143 David Pearson, Jr.

Petitioner Pearson's petition was filed on March 30, 2023, and was signed under penalty of perjury. During the restitution phase of this case, Petitioner Pearson requested $42,488.00 and based on the documentation provided at that time, the Court granted $42,253.00 in restitution. See ECF 74.  Petitioner Pearson now requests $42,253.00 and has not provided any additional information to support that claim.

### q.    ECF 155 Kyle Tran

Petitioner Tran's petition was filed on April 3, 2023, and was not signed under penalty of perjury. During the restitution phase of this case, Petitioner Tran requested $17,513.00 and based on the documentation provided at that time, this Court granted $17,513.00 in restitution. See ECF 74.  Petitioner Tran now requests $17,513.00 and has not provided any additional information to support that claim.

### r.    ECF 157 Stephen Paea

Petitioner Paea's petition was filed on April 3, 2023, and was signed under penalty of perjury. During the restitution phase of this case, Petitioner Paea requested $79,179.00 and based on the documentation provided at that time, the Court granted $79,179.00 in restitution. See ECF 74.  Petitioner Paea now requests $79,179.00 and has not provided any additional information to support that claim.

21CR2542-TWR

**s.     ECF 158 Jonas Lind**

Petitioner Lind's petition was filed on April 6, 2023, and was signed under penalty of perjury. During the restitution phase of this case, Petitioner Lind requested $29,233.00 and based on the documentation provided at that time, the Court granted $29,233.00 in restitution. See ECF 74. Petitioner Lind now requests $114,797.81 and has not provided any additional documentation in these ancillary proceedings, nor did he submit an explanation as to the increased amount of his claim.

**t.     ECF 168 Jonathan Cortes Reyes**

Petitioner Cortes Reyes' petition was filed on April 17, 2023, and was signed under penalty of perjury. During the restitution phase of this case, Petitioner Cortes Reyes requested $4,312.00 and based on the documentation provided at that time, the Court granted $4,312.00 in restitution. See ECF 74. Petitioner Cortes Reyes now requests $4,312.00 and did not provide any additional documentation in these ancillary proceedings. In his petition, Petitioner Cortes Reyes asks for restitution to be paid, thus his petitioner appears to simply be a request to receive the restitution ordered by the Court.

**u.     ECF 183 Corey Struzan**

Petitioner Corey Struzan's petition was filed on March 16, 2023, and was signed under penalty of perjury. During the restitution phase of this case, Petitioner Struzan requested $46,587.00 and based on the documentation provided at that time, the Court granted $18,940 in restitution. See ECF 74. Petitioner Struzan now requests $31,003.70, which Petitioner Struzan claims was the value of his investment in Bitconnect on January 18, 2018. Petitioner Struzan did not provide any additional documentation which would change the amount verified during the restitution phase of this case, which was that Petitioner Struzan deposited $46,587.00 and withdrew $26,847.00.

**C. Sufficient/Partially Sufficient Petitions**

The Court approves the following petitions in the amounts set forth below, which have been appropriately verified through the government's vetting process.

//

### a.    ECF 82 Enrique Jorge Ugas

Petitioner Ugas filed his petition on March 6, 2023, and failed to sign it under penalty of perjury.[7]   Petitioner Ugas claims he has an interest of $24,357.00 in the forfeited property. Petitioner Ugas submitted evidence of emails and transaction histories in support of his petition. Using this information, FBI agents verified $20,434.89 in deposits to Bitconnect attributable to Petitioner Ugas. Petitioner Ugas' documentation also showed $2,112.88 in withdrawals. Thus, the Court GRANTS Petitioner Ugas' claim in the amount of **$18,322.01**.

### b.    ECF 83 Alena Hester

Petitioner Alena Hester filed her petition on March 6, 2023, which was signed under penalty of perjury.  Petitioner Alena Hester claims she has an interest of $27,072.39 in the forfeited property. Petitioner Alena Hester submitted screenshots of transaction histories in support of her petition. Using this information, FBI agents verified $10,996.33 in deposits to Bitconnect attributable to Petitioner Alena Hester. Petitioner Alena Hester's documentation also showed $6,894.19 in withdrawals. Thus, the Court GRANTS Petitioner Alena Hester's claim in the amount of **$4,102.14**.

### c.    ECF 84 Ki Hester

Petitioner Ki Hester filed a petition on March 6, 2023, which was signed under the penalty of perjury. Petitioner Ki Hester claims to have an interest of $113,409.65 in the forfeited property. Petitioner Ki Hester submitted screenshots of transaction histories in support of their petition. Using this information, FBI agents verified $69,580.84 in deposits to Bitconnect attributable to Petitioner Ki Hester. Petitioner Ki Hester's documentation also showed $21,520.69 in withdrawals. Thus, the Court GRANTS Petitioner Ki Hester's claim in the amount of **$48,060.15**.

//

---

[7]    Several of the petitions addressed in this section of the Order were not signed under penalty of perjury. However, the government has elected to not file a motion to dismiss those petitions pursuant to Rule 32.2(c)(1)(A). *See* United States Non-Opposition/Partial Non-Opposition to Third Party Petitions, ECF No. 188, at p. 9, fn. 2.

21CR2542-TWR

### d.     ECF 88 & 96 Henok Hagos

Petitioner Henok Hagos filed petitions on March 6, 2023 (ECF 88) and March 13, 2023 (ECF 96), failing both times to file under penalty of perjury. Petitioner Hagos claims they have an interest of $55,000.00 in the forfeited property. ECF 88. Petitioner submitted what appear to be receipts from transactions with an account purportedly connected to the Bitconnect scheme.  Using this information, FBI agents were able to verify $33,089.44 in deposits to Bitconnect that were attributable to Petitioner Hagos. In a subsequent petition filed with the Court, Petitioner Hagos provided additional documentation of transactions with Bitconnect that were evidence of Petitioner Hagos' withdrawals from Bitconnect in the amount of $5,982.64. Thus, the Court GRANTS Petitioner Henok Hagos' claim in the amount of **$27,106.80**.

### e.     ECF 92 Michael Lee

Petitioner Michael Lee filed his petition on March 13, 2023, which was signed under penalty of perjury. Petitioner Lee claims he has an interest of $18,544.56 in the forfeited property. Petitioner Lee submitted evidence of transaction histories in support of his petition.  Using this information, FBI agents verified $20,824.81 in deposits to Bitconnect attributable to Petitioner Lee. Petitioner Lee's documentation also showed $2,306.73 in withdrawals. Thus, the Court GRANTS Petitioner Lee's claim in the amount of **$18,518.08**.

### f.     ECF 98 Lynne Haaland

Petitioner Lynne Haaland filed her petition on March 14, 2023, which was signed under penalty of perjury.  Petitioner Haaland claims she has an interest of $212,161.00 in the forfeited property (in addition to consideration for "any interest and or related penalties [that are] involved"). See ECF 98 at 5. Petitioner Haaland submitted evidence of wire transfers from her account, text messages, emails, and screen shots of transaction histories in support of her petition. Using this information, FBI agents verified $165,788.40 in deposits to Bitconnect attributable to Petitioner Haaland. Petitioner Haaland's

documentation did not show any withdrawals. Thus, the Court GRANTS Petitioner Haaland's claim in the amount of **$165,788.40**.

### g.    ECF 102 Volkan Aydin

Petitioner Volkan Aydin filed his petition on March 15, 2023, and failed to sign under penalty of perjury. Petitioner Aydin claims he has an interest of $41,178.10 in the forfeited property.  Petitioner Aydin submitted evidence of transaction histories and screenshots of transactions in support of his petition.  Using this information, FBI agents verified $44,582.95 in deposits to Bitconnect attributable to Petitioner Aydin. Petitioner Aydin's documentation did not show any withdrawals. Thus, the Court GRANTS Petitioner Aydin's claim in the amount of **$44,582.95**.

### h.    ECF 103 Marin Kang

Petitioner Marin Kang filed her petition on March 15, 2023, and failed to sign under penalty of perjury.  Petitioner Kang claims she has an interest of $15,405.40 in the forfeited property. Petitioner Kang submitted screenshots of her transaction histories in support of her petition. Using this information, FBI agents verified $10,939.88 in deposits to Bitconnect attributable to Petitioner Kang. Petitioner Kang's documentation showed $125.29 in withdrawals. Thus, the Court GRANTS Petitioner Kang's claim in the amount of **$10,814.59**.

### i.    ECF 105 Steven Cameron II

Petitioner Steven Cameron II filed a petition on March 20, 2023, and failed to sign under penalty of perjury. Petitioner Cameron claims to have interest of $12,304.66 in the forfeited property. The Court notes that the government did not include specific information regarding Petitioner Cameron's petition, however, the government did include Petitioner Cameron in its chart titled "Unopposed or Partially Unopposed Petitions" included as Attachment B (ECF 188). The Court notes that Petitioner Cameron appears to have submitted specific transaction information and screenshots of the transactions in support of the petition. On December 20, 2023, the government, provided additional

30

information regarding Petitioner Cameron. ECF 242. Thus, the Court GRANTS Petitioner Cameron's claim in the amount of **$13,615.39.**

### j.    ECF 111 Maxime Phillips

Petitioner Maxime Phillips filed a petition on March 20, 2023, and failed to sign under penalty of perjury. Petitioner Phillips claims to have an interest of .04993728 BTC in the forfeited property. Petitioner Phillips submitted specific transaction information and screenshots of the transactions in support of the petition.  Using this information, FBI agents verified $425.56 in deposits to Bitconnect attributable to Petitioner Phillips. Petitioner Phillips' documentation did not show any withdrawals. Thus, the Court GRANTS Petitioner Aydin's claim in the amount of **$425.56**.

### k.    ECF 118 Daphne Maes

Petitioner Daphne Maes filed her petition on March 21, 2023, and failed to sign under penalty of perjury.  Petitioner Maes claims she has an interest of 1.81314979 BTC in the forfeited property. Petitioner Maes submitted specific transaction information and screenshots of the transactions in support of her petition. Using this information, FBI agents verified $10,507.02 in deposits to Bitconnect attributable to Petitioner Maes. Petitioner Maes' documentation did not show any withdrawals. Thus, the Court GRANTS Petitioner Maes' claim in the amount of **$10,507.02**.

### l.    ECF 122 Micheline Caron

Petitioner Micheline Caron filed her petition on March 22, 2023, which was signed under penalty of perjury.  Petitioner Caron claims she has an interest of $13,640.00 in the forfeited property. Petitioner Caron submitted evidence of transaction histories and receipts in support of her petition. Using this information, FBI agents verified $11,228.01 in deposits to Bitconnect attributable to Petitioner Caron. Petitioner Caron's documentation did not show any withdrawals. Thus, the Court GRANTS Petitioner Caron's claim in the amount of **$11,228.01**.

### m.    ECF 129 Susan Kerston

31

Petitioner Susan Kerston's petition was filed on March 28, 2023, but was not signed under penalty of perjury. Petitioner Kerston claims she has an interest of $8,118.00 in the forfeited property. Petitioner Kerston submitted evidence of transaction receipts, screenshots, and other transaction identification information in support of her petition. Using this information, FBI agents verified $648.45 in deposits to Bitconnect attributable to Petitioner Kerston. Petitioner Kerston's documentation did not show any withdrawals. Thus, the Court GRANTS Petitioner Kerston's claim in the amount of **$648.45**.

**n.   ECF 133 Stefano Biasini**

Petitioner Stefano Biasini's petition was filed on March 28, 2023, and was signed under penalty of perjury. Petitioner Biasini claims he has an interest of $10,359.92 in the forfeited property. Petitioner Biasini submitted evidence of email confirmations and transaction receipts in support of his petition. Using this information, FBI agents verified $26,423.07 in deposits to Bitconnect account attributable to Petitioner Biasini. Petitioner Biasini's documentation did not show any withdrawals. Thus, the Court GRANTS Petitioner Biasini's claim in the amount of **$26,423.07**.

**o.   ECF 137 Gregory Joseph Stitt**

Petitioner Gregory Joseph Stitt's petition was filed on March 28, 2023, and was signed under penalty of perjury. Petitioner Stitt claims he has an interest of $11,890.00 in the forfeited property. Petitioner Stitt submitted screenshots that showed specific transaction identification information in support of his petition. Using that information, FBI agents verified $15,248.98 in deposits to Bitconnect attributable to Petitioner Stitt. Petitioner Stitt's documentation did not show any withdrawals. Thus, the Court GRANTS Petitioner Stitt's claim in the amount of **$15,428.98**.

**p.   ECF 138 David Schilling**

Petitioner David Schilling's petition was filed on March 28, 2023, and was signed under penalty of perjury. The Court notes the government provided additional information about Petitioner Schilling on December 20, 2023. ECF 242. Petitioner Schilling claims he has an interest of $61,000.00 in the forfeited property. Petitioner Schilling submitted

evidence of email confirmations and transaction reports in support of his petition. FBI agents verified $63,314.21 in deposits to Bitconnect attributable to Petitioner Schilling. Petitioner Schilling's documentation showed $11,860.52 in withdrawals. Thus, the Court GRANTS Petitioner Schilling's claim in the amount of **$51,453.69**.

### q.   ECF 140 Ryan Jones

Petitioner Ryan Jones' petition was filed on March 29, 2023, and was signed under penalty of perjury. Petitioner Jones claims he has an interest of $61,370.00 in the forfeited property. Petitioner Jones submitted screenshots showing deposit transaction information in support of his petition. FBI agents verified $40,332.62 in deposits to Bitconnect attributable to Petitioner Jones. Petitioner Jones' documentation did not show any withdrawals. Thus, the Court GRANTS Petitioner Jones' claim in the amount of **$40,332.62**.

### r.   ECF 146 Tommy Chan

Petitioner Tommy Chan's petition was filed on April 3, 2023, and was signed under penalty of perjury. Petitioner Chan claims he has an interest of $28,750.00 in the forfeited property. Petitioner Chan submitted evidence of his cryptocurrency wallet's transaction history, which showed identification information regarding his transaction with Bitconnect. Using this information, FBI agents verified $25,073.25 in deposits to Bitconnect attributable to Petitioner Chan. Petitioner Chan's documentation did not show any withdrawals. Thus, the Court GRANTS Petitioner Chan's claim in the amount of **$25,073.25**.

### s.   ECF 147 Dylan Greive[8]

Petitioner Dylan Greive's petition was filed on April 3, 2023, but was not signed under penalty of perjury. Petitioner Greive claims he has an interest of € 11,495.26 in the forfeited property. Petitioner Greive submitted evidence of email confirmations and

---

[8] Petitioner Dylan Greive states in his petition that he is also petitioning on behalf of his parents who gave him funds to invest in Bitconnect. Because the cryptocurrency wallet information is attributable to him and because he admits that is the person that invested the money for himself and his parents, the Court treats this petition as belonging solely to Mr. Dylan Greive.

21CR2542-TWR

transaction receipts in support of his petition. FBI agents verified $13,713.14 in deposits to Bitconnect attributable to Petitioner Greive. Petitioner Greive's documentation did not show any withdrawals. Thus, the Court GRANTS Petitioner Greive's claim in the amount of **$13,713.14**.

**t.    ECF 152 David Phillips**

Petitioner David Phillips' petition was filed on April 3, 2023, and was signed under penalty of perjury. Petitioner Phillips claims he has an interest of 0.90116311 Bitcoin (BTC) in the forfeited property. Petitioner Phillips submitted email confirmations and transaction reports in support of his petition. Using this information, FBI agents verified $13,019.14 in deposits to Bitconnect attributable to Petitioner Phillips. Petitioner Phillips' documentation showed $266.51 in withdrawals. Thus, the Court GRANTS Petitioner Phillips' claim in the amount of **$12,752.63**.

**u.    ECF 156 Larry Stokes**

Petitioner Larry Stokes' petition was filed on April 3, 2023, but was not signed under penalty of perjury. Petitioner Stokes claims he has an interest of $31,500.00 in the forfeited property. Petitioner Stokes submitted bank records and transaction histories in support of his petition. Using this information, FBI agents verified $23,216.97 in deposits to Bitconnect attributable to Petitioner Stokes. Petitioner Stokes' documentation did not show any withdrawals. Thus, the Court GRANTS Petitioner Stokes' claim up to the amount of **$23,216.97**.

**v.    ECF 162 Mateen Rejai-Moghadam**

Petitioner Rejai-Moghadam's petition was filed on April 10, 2023, and was signed under penalty of perjury. Petitioner Rejai-Moghadam claims he has an interest of 1.40042312 BTC (or current cash valuation) in the forfeited property. Petitioner Rejai-Moghadam submitted specific transaction identification information in support of his petition. Using this information, FBI agents verified $21,422.39 in deposits to Bitconnect attributable to Petitioner Rejai-Moghadam. Petitioner Rejai-Moghadam's documentation

did not show any withdrawals. Thus, the Court GRANTS Petitioner Rejai-Moghadam's claim in the amount of **$21,422.39**.

### w.   ECF 175 Rosemary Moghadam

Petitioner Moghadam's petition was filed on April 26, 2023, and was not signed under penalty of perjury. Petitioner Moghadam claims she has an interest of .08565554 BTC (or current cash valuation) in the forfeited property. Petitioner Moghadam submitted specific transaction identification information in support of her petition. Using this information, FBI agents verified $1,294.00 in deposits to Bitconnect attributable to Petitioner Moghadam. Petitioner Moghadam's documentation did not show any withdrawals. Thus, the Court GRANTS Petitioner Moghadam's claim in the amount of **$1,294.00**.

### x.   ECF 177 Elizabeth Banks

Petitioner Banks' petition was filed on May 4, 2023 (postmarked April 28, 2023) and was not signed under penalty of perjury.  Petitioner Banks claims she has an interest of 59.4 BTC in the forfeited property, which she claims is the result of "staking" investments in Bitconnect. Petitioner Banks submitted email confirmations, transaction receipts, and screenshots of account activity in support of her petition.  FBI agents were only able to verify information that is publicly available on the blockchain, and they do not have access to Bitconnect's back-end data; therefore, "staked" investments cannot be verified. Using the information submitted, FBI agents verified $122.00 in deposits to Bitconnect attributable to Petitioner Banks. Petitioner Banks' documentation did not show any withdrawals.  Thus, the Court GRANTS Petitioner Banks' claim in the amount of **$122.00**.

### y.   ECF 85 & 191 Kenneth Clarkson

Petitioner Clarkson's petition was filed on March 7, 2023, and was signed under penalty of perjury. Petitioner Clarkson claims he has an interest of $24,000 in the forfeited property. Petitioner Clarkson provided partial screenshots of transactions and transaction histories that appear to be related to Bitconnect; however, none of the screenshots contain

the specific information necessary for the FBI agents to verify any transactions and attribute them to Petitioner Clarkson through blockchain analysis.

On June 5, 2023, Petitioner Clarkson filed a Reply to the government's response and provided additional information. As noted in the government's Declaration, FBI agents analyzed that additional information and vetted an amount of $23,238.02. *See* ECF 228. Therefore, the Court GRANTS Petitioner Clarkson's claim in the amount of **$23,238.02**.

z.    **ECF 109 & 194 Jonathan Holmes**

Petitioner Holmes' petition was filed on March 20, 2023, and was signed under penalty of perjury. Petitioner Holmes claims he has an interest of $8,852,527.34 in the forfeited property (representing promised valuation, compounded interest, initial investment, and reinvested distribution of Bitconnect tokens). Petitioner Holmes provided wallet information associated with his transactions with Bitconnect; however, he failed to provide documentation to support the conclusion that he had ownership of these wallets.

On June 6, 2023, Petitioner Holmes filed a Reply to the government's response and provided additional information. As noted in the governments Declaration, FBI agents analyzed that additional information and vetted an amount of $53,543.86. *See* ECF 228. Thus, the Court GRANTS Petitioner Holmes' claim in the amount of **$53,543.86**. *See* ECF 228.

aa.    **ECF 127 & 202 Brandon Price**

Petitioner Price's petition was filed on March 24, 2023, and was signed under penalty of perjury. He is represented by attorney Daniel Smith of San Diego Defenders, APC. Petitioner Price claims he has an interest of $146,278.91 in the forfeited property. In support of his petition, Petitioner Price submitted emails and screenshots of a purported Bitconnect account. However, this documentation failed to provide sufficient information regarding his claimed deposit with Bitconnect. Specifically, he failed to provide the Bitcoin wallet addresses associated with his claimed deposit with Bitconnect. Because of the failure to provide this information, FBI agents were unable to verify these purported transactions through blockchain analysis.

21CR2542-TWR

On June 17, 2023, Petitioner Price filed a Reply to the government's response and provided additional information. As noted in the government's Declaration, FBI agents analyzed that additional information and vetted an amount of $30,351.33. *See* ECF 228. Thus, the Court GRANTS Petitioner Price's claim in the amount of **$30,351.33**..

### bb.    ECF 135 & 215 NaoKi Kawashima

Petitioner Kawashima's petition was filed on March 28, 2023, and Petitioner Kawashima failed to sign the petition. Petitioner Kawashima claims he has an interest of $50,000.00 in the forfeited property. Petitioner Kawashima failed to provide any documentation to show a purported deposit into BitConnect.

On June 26, 2023, Petitioner Kawashima filed a Reply to the government's response and provided additional information. As noted in the government's Declaration, FBI agents analyzed that additional information and vetted an amount of $172,021.04. *See* ECF 228. Thus, the Court GRANTS Petitioner Kawashima's claim in the amount of **$172,021.04**.

### cc.    ECF 148 Maria Luisa Saponaro

Petitioner Saponaro's petition was filed on April 3, 2023, and was signed under penalty of perjury. Petitioner Saponaro claims an interest of $12,000.00 in the forfeited property. Petitioner Saponaro provided emails, screenshots of transactions, and transaction identification numbers. As the United States noted in its Declaration, it initially opposed this claim, but after further review of this petition, the FBI was able to positively vet Petitioner Saponaro's interest of $11,666.29. *See* ECF 228. Thus, the Court GRANTS Petitioner Saponaro's claim in the amount of **$11,666.29**.

### dd.    ECF 149 & 212 Julian Bridenne

Petitioner Bridenne's petition was filed on April 3, 2023, and was signed under penalty of perjury. Petitioner Bridenne claims an interest of $35,395.77 in the forfeited property. Petitioner Bridenne provided wallet addresses purportedly used to invest and transact with Bitconnect; however, Petitioner Bridenne failed to provide evidence of his ownership of the wallets.

On June 22, 2023, Petitioner Bridenne filed a Reply to the government's response and provided additional information. As noted in the government's Declaration, FBI agents analyzed that additional information and vetted an amount of $9,825.35. *See* ECF 228. Thus, the Court GRANTS Petitioner Bridenne's claim in the amount of **$9,825.35**.

### ee.   ECF 154 & 205 Marquise Lee

Petitioner Lee's petition was filed on April 3, 2023, and was signed under penalty of perjury. Petitioner Lee claims an interest of $19,955.61 in the forfeited property. Petitioner Lee provided a table of purported Bitconnect transaction information in addition to transaction identification information. However, with the information provided, FBI agents were unable to verify these transactions and attribute them to Petitioner Lee.

On June 20, 2023, Petitioner Lee filed a Reply to the government's response and provided additional information. As noted in the government's Declaration, FBI agents analyzed that additional information and vetted an amount of $21,344.59. *See* ECF 228. Thus, the Court GRANTS Petitioner Lee's claim in the amount of **$21,344.59**.

### ff.   ECF 174 & 206 Anatoly Afanasov

Petitioner Afanasov's petition was filed on April 24, 2023, and was not signed. Petitioner Afanasov claims they have an interest of $50,000.00 in the forfeited property. Petitioner Afanasov provided emails that purportedly verify a Bitconnect account and one Bitconnect transaction, but the submitted documentation does not contain sufficient information about any of the claimed transactions that would allow FBI agents to verify the transactions through blockchain analysis.

On June 20, 2023, Petitioner Afanasov filed a Reply to the government's response and provided additional information. As noted in the government's Declaration, FBI agents analyzed that additional information and vetted an amount of $51,670.05. *See* ECF 228. Thus, the Court GRANTS Petitioner Afanasov's claim in the amount of **$51,670.05**.

### gg.   ECF 181 & 209 Bella Simkhayeva

Petitioner Simkhayeva's petition was filed on May 30, 2023, and was signed under penalty of perjury. The petition was both signed and filed after the deadline set by the

Court.  Petitioner Simkhayeva claims an interest of $12,140.00 in the forfeited property. Petitioner Simkhayeva listed several items of documentation that she claims would support her petition; however, none of those documents were provided to the Court.  As such, Petitioner Simkhayeva did not provide the information necessary for the FBI agents to verify any transactions attributable to Petitioner Simkhayeva through blockchain analysis.

On June 21, 2023, Petitioner Simkhayeva filed a Reply to the government's response and provided additional information. As noted in the government's Declaration, FBI agents analyzed that additional information and vetted an amount of $12,587.98. *See* ECF 228. Thus, the Court GRANTS Petitioner Simkhayeva's claim in the amount of **$12,587.98**.

## V. <u>CONCLUSION</u>

For the reasons stated above, the Court dismisses the petitions filed as ECF Nos. 80-81, 87, 90, 91, 93, 97, 99, 101, 108, 110, 112-113, 121, 124-126, 131-132, 134, 136, 141-142, 144-145, 150-151, 153, 159-161, 163, 165-167, 169, 171, 173, 178-179, 182/197, 86, 89, 94-95, 100, 104, 114-116, 119-120, 123, 128, 130, 139, 143, 155, 157-158, 168, and 183 pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure.  The petitions filed as ECF Nos. 82-84, 85/191, 88, 92, 98, 102-103, 105, 109/194, 111, 118, 122, 127/202, 129, 133, 135/215, 137-138, 140, 146-148, 149/212, 152, 154/205, 156, 162, 174/206, 175, 177 and 181/209 are granted in whole or in part, as noted above.  The government shall prepare and submit to the Court for its review a Final Order of Forfeiture consistent with this Order pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

**IT IS SO ORDERED.**

DATED: _____1/3/24_____

TODD W. ROBINSON
United States District Judge

39

21CR2542-TWR